.Donald Schanbarger, Appellant-Respondent, *v.* Robert Kellogg, Respondent-Appellant, et al., Defendant.

Third Department, January 31, 1974.

.Donald Schanbarger, appellant-respondent in person.

*Louis J. Lefkowitz, Attorney-General (Peter Joseph Dooley* and *Ruth Kessler Toch* of counsel), for respondent-appellant.

Greenblott, J.    These are cross appeals from a judgment of the Supreme Court, entered January 15, 1973 in Rensselaer

County, upon a decision of the court at a Trial Term, without a jury, in favor of plaintiff.

State Troopers Kellogg and Cooper were on routine patrol in Rensselaer County during the early morning hours of April 30, 1968. At about 3:00 A.M., they first observed the plaintiff walking along a highway through a residential area carrying a paper shopping bag. Approximately a half-hour later, while patrolling further along the same highway, the troopers again observed the plaintiff still walking in the same direction, but now in the vicinity of the East Greenbush Shopping Center. Trooper Kellogg stopped the car and asked the plaintiff where he was going, where he was coming from, his identity and where he resided. Plaintiff replied that he did not think he had to answer those questions and refused to do so, even though Trooper Kellogg informed him that his refusal to answer could result in an arrest for loitering. The plaintiff was then arrested.

Trooper Kellogg then handcuffed the plaintiff and searched the bag he was carrying. A New York State Identification and Intelligence System report requested at that time by Trooper Kellogg later revealed that the plaintiff had no criminal record, and was an attendant at Wassaic State School. Within 15 minutes of his arrest, plaintiff was taken before a Town Justice by Trooper Kellogg. An information charging loitering was filed and the plaintiff was arraigned, pleaded not guilty to the charge and posted $20 bail.

The loitering charge was prosecuted by the Rensselaer County District Attorney who requested a court ordered psychiatric examination of the plaintiff. When the plaintiff was found capable of understanding the charge against him, and of participating in his own defense, the matter proceeded to trial in Justice Court where the plaintiff defended himself. He was found guilty and fined $10. He appealed to the Rensselaer County Court and the conviction was affirmed.

On further appeal to the Court of Appeals the conviction was reversed. (*People* v. *Schanbarger,* 24 N Y 2d 288.) Plaintiff subsequently brought this civil action against the State Troopers, the prosecutor and the psychiatrist, which resulted in an earlier dismissal of the complaint against the prosecutor and the psychiatrist, and now has resulted in a dismissal of all causes of action against defendant Trooper Peter Cooper, who was present at the time of the arrest but who took no part in the arrest or subsequent proceedings. The causes of action for malicious prosecution, invasion of privacy and abuse of process against defendant Trooper Kellogg were also dismissed but the

plaintiff was awarded judgment for false arrest against Trooper Kellogg in the sum of $5,000.

Trooper Kellogg here contends that plaintiff's arrest for loitering was reasonable under the circumstances. It is obvious that the plaintiff did absolutely nothing to justify a "suspicion that he may be engaged or [was] about to engage in crime" (Penal Law, § 240.35, subd. 6). He was observed merely walking along a major highway, steadfastly in one direction. With one element of the offense left totally unsubstantiated, it cannot be said that the officer had reasonable grounds to believe that the plaintiff was loitering.

Trooper Kellogg next contends that the plaintiff's own conduct contributed to his arrest since he refused to answer Kellogg's simple questions. However, the Court of Appeals has held that plaintiff's failure to answer the trooper's questions cannot constitute a criminal act (*People* v. *Schanbarger, supra,* pp. 291–292).

The dismissal of the causes of action for malicious prosecution, invasion of privacy and abuse of process against defendant Kellogg and the dismissal of all causes of action against defendant Cooper should be affirmed. It is clear from the record that Trooper Cooper took no part in the arrest and questioning of the plaintiff. The cause of action for invasion of privacy against Trooper Kellogg was correctly dismissed since to the extent that respondent's privacy was "invaded", it was done so by the actionable false arrest and therefore any award of damages for such an invasion would be duplicative of the damages awarded for the false arrest. The cause of action for malicious prosecution on the part of Trooper Kellogg was also correctly dismissed, since there was no evidence of any personal hatred or ill will on the part of the trooper. The cause of action for abuse of process was likewise correctly dismissed.

The only serious question that remains in the case is whether the award for damages of $5,000 was excessive. The Fourth Department has held that when an individual is arrested by a police officer without a warrant, liability for a false arrest extends only from the time of arrest to the time of arraignment (*Casler* v. *State of New York,* 33 A D 2d 305). The Fourth Department cited no authority for this proposition and we cannot agree with this result.

In *De Bonis* v. *State of New York* (37 A D 2d 878) we upheld an award of damages of $5,000 where the plaintiff had been falsely arrested and subjected to considerable adverse publicity, but was not indicted. While the adverse publicity to which the

present respondent was subjected may not have been as great as in *De Bonis,* the mental strain and embarrassment, to say nothing of the cost in time and money, of having to defend oneself in three criminal courts over a period of years is an ordeal which should be no less subject to compensation. In fact, there would appear no good reason for holding to the contrary, since a criminal prosecution with its attendant damages is no less a foreseeable consequence of an arrest than are adverse publicity and its attendant damages. Indeed, it is fair to suggest that a police officer in the normal course of events expects and intends a prosecution to flow from an arrest, whereas publicity is a consequence with which he might not be concerned. We are therefore of the view plaintiff should be permitted to recover for all the damages which reasonably resulted from the false arrest. Here, plaintiff was forced to undergo a trial in the Justice Court at which he was found guilty, an appeal to the Rensselaer County Court, where his conviction was affirmed, and a subsequent appeal to the Court of Appeals, where he won a reversal. He properly argues that he was subjected to a great deal of unfavorable publicity throughout the entire proceeding. Furthermore, he was subjected to a psychiatric examination which involved a certain amount of embarrassment. He points out that the stigma of this arrest remains a problem with him in his efforts to obtain a job. Under the circumstances, we do not feel that the award of $5,000 by the trial court is excessive.

The judgment should be affirmed, with costs to appellant Schanbarger.

HERLIHY, P. J., STALEY, JR., SWEENEY and MAIN, JJ., concur.

Judgment affirmed, with costs to appellant Schanbarger.