■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE F., Appellant.—Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered June 24, 1977, adjudicating him a youthful offender, after his plea of guilty to a charge of robbery in the third degree, and imposing sentence. The appeal brings up for review the denial of defendant's motion to suppress certain physical evidence and admissions. Judgment reversed, on the law and the facts, motion granted and indictment dismissed. Case remanded to Criminal Term for the purpose of entering an order in its discretion pursuant to CPL 160.50. The sole witness to testify at the suppression and *Huntley* hearing was the arresting officer. He testified that on October 12, 1976 he had been on duty in an unmarked car with two other policemen. All of the officers were wearing plain clothes. At 11:10 or 11:15 P.M., while stopped for a traffic light, he observed two men walking northbound in the direction of his car. One man was carrying a nonfoldable, 10-inch knife in his right hand while the other, the defendant, was carrying a shopping bag. Both men walked at a rapid pace and looked over their shoulders a number of times. Before they reached the intersection where the unmarked car was stopped, they crossed the street, still proceeding toward the intersection. They looked behind them again, then broke into a trot heading east. When the traffic light changed, the officers made a left turn, drove past the two men, pulled over at the next intersection and waited for them. Just before the two men, who were then walking, got to the corner, the officers exited their car with guns drawn. The officers identified themselves as police and told the men not to move. The man with the knife threw it to the ground and defendant dropped the shopping bag. Defendant was put against the car. Two of the officers then went to the shopping bag and noticed a sweatshirt with a hood. The arresting officer

lifted the sweatshirt and discovered a pocketbook. He opened the pocketbook and, upon finding female identification, asked defendant who the pocketbook belonged to and where he had gotten it. Defendant responded that it belonged to a woman and that he had gotten it a couple of blocks away. At that point one of the other officers reached into defendant's coat and discovered a knife. The arresting officer asked defendant whether they had used the "knives" on the woman. Defendant replied that they had, but stated that they had not hurt the woman. Defendant and the other man were then placed in the police car and proceeded to direct the officers to the scene of the pursesnatching. The victim could not be found; it was at that time that the two men were given their *Miranda* warnings. Defendant did not, however, make any further statements to the arresting officer after being advised of his rights. On these facts, the physical evidence taken from defendant and the admissions made by him should have been suppressed. The action taken by the police was an "intrusion" of the most "intensive" sort (see *People v De Bour,* 40 NY2d 210, 225). Three policemen jumped out of a car with guns drawn, ordered defendant and another not to move, placed defendant up against the car and proceeded to search the shopping bag carried by the defendant. Surely this "intrusion" cannot be justified by the common-law right of inquiry; nor can it be characterized as a "stop and frisk." Rather, there was an actual "seizure" comparable to the seizure in *People v Cantor* (36 NY2d 106), as well as a full-blown search of personal property. Under these circumstances, the action taken by the police could be permissible only if probable cause existed to believe that defendants had committed a crime. The conduct observed, while somewhat suspicious in nature, was simply "too equivocal" to give the officers probable cause to believe that defendants had committed a crime (see *People v Russell,* 34 NY2d 261, 264). There was no indication of any intent, on the part of defendant's companion, to use the knife unlawfully (see Penal Law, § 265.01, subd [2]; see, also, *People v Diamond,* 77 Misc 2d 412). He was simply carrying the knife, and a knife is not a weapon per se *(People v Diamond, supra;* cf. *Matter of Ricci S.,* 34 NY2d 775). Nor was the fact that defendant was carrying a shopping bag, even under suspicious circumstances, sufficient predicate to justify police conduct of the scope here undertaken (see *People v Stewart,* 41 NY2d 65, 66; see, also *People v Rosemond,* 26 NY2d 101; *Schanbarger v Kellogg,* 43 AD2d 362, affd 37 NY2d 451, cert den 423 US 929; *People v Lakin,* 21 AD2d 902). Accordingly, the pocketbook and knife taken from the defendant should have been suppressed. Finally, the admissions made by defendant should have been suppressed (1) as the fruit of the poisonous tree *(Wong Sun v United States,* 371 US 471) and (2) by reason of the fact that no *Miranda* warnings had been given in spite of the fact that defendant was clearly in custody. Latham, J. P., Rabin, Gulotta and Margett, JJ., concur.