THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
GUISEPPE BARBERA, Appellant.

Second Department, December 3, 1979

**APPEARANCES OF COUNSEL**

*Leonard A. Weinberger* for appellant.

*Denis Dillon, District Attorney (Bruce E. Whitney* and *William C. Donnino* of counsel), for respondent.

**OPINION OF THE COURT**

*Per Curiam.*

The defendant appeals from a judgment convicting him, upon his plea of guilty, of criminal possession of a weapon in the third degree. The plea was entered following the denial, after a hearing, of the defendant's motion to suppress physical evidence. The judgment should be reversed, the motion to suppress granted, and the indictment dismissed.

In the early morning hours of April 26, 1978, an anonymous individual called the "911" police emergency number of the Nassau County Police Department three separate times. The substance of these calls was that defendant lived at a specified address; that there was an automobile with a specified license plate number in front of that address; and that the automobile contained three pounds of cocaine and a gun with a silencer on it. The caller stated that the gun would be used at or before 6 o'clock that morning.

The calls were received at 2:44, 3:17 and 3:55 A.M. In the third and last call, the "informant" advised the police operator that he had "passed by" and had seen "the detectives" (in unmarked cars) at the scene. Indeed, upon arriving at the address given by the caller, the detectives found a car with plates matching the license plate number they had received. A check of motor vehicle records disclosed that the car belonged to defendant. A further check of police department records was negative with respect to any arrests or warrants. The police proceeded to stake out the defendant's car with three unmarked police cars and an unmarked police van.

At 6:30 A.M. defendant exited his house carrying a black attaché case and a plastic bag of garbage. According to one of the detectives, "defendant looked dressed for work". Defendant placed the bag of garbage at the curb and then entered his car. *Defendant did not use a key to get into the car.*

The police followed defendant's vehicle for approximately two or three minutes. They then proceeded to force him off the road, with one police vehicle to his left, another to his

right, and—although the testimony was far from clear on this point—vehicles both in front of and behind his car. Detectives in the cars to his left and right exited their cars with shotguns. Detective Meyer, in the police car to defendant's left, ran around the back of defendant's car to the passenger side. Detective Lechner, to defendant's right, ran to the driver's door where he leveled his shotgun at defendant. Both detectives testified that they observed an automatic pistol on the floor of the car, on the passenger side. Detective Meyer opened the passenger door, *which was unlocked,* and retrieved the gun and a silencer which was attached to it. Alongside the gun there was a brown paper bag containing both cocaine and marihuana. The police also discovered a loaded revolver in defendant's briefcase.

On these facts, the County Court denied defendant's motion to suppress physical evidence, holding that "the initial stop was justified in its inception * * * and the police action was reasonable in relation to the scope of the total circumstances." We disagree.

Aside from "the narrow exception carved out by the Supreme Court in *Terry v Ohio* (392 U.S. 1)" *(People v Cantor,* 36 NY2d 106, 110), and the application of that exception in a few cases involving "de minimis" or "limited" intrusions by the police (see, e.g., *Pennsylvania v Mimms,* 434 US 106; *United States v Brignoni-Ponce,* 422 US 873), the Supreme Court of the United States has consistently held that "Fourth Amendment seizures must be supported by the 'long-prevailing standards' of probable cause" *(Dunaway v New York,* 442 US 200, 212). At bar, the action of the police was an "intrusion" of a most "intensive" sort (see *People v De Bour,* 40 NY2d 210, 225), which went "far beyond" the actions taken by police in *Terry* or its progeny (see *People v Figueroa,* 58 AD2d 655, 656; see also, *People v Jose F.,* 60 AD2d 918). Therefore, the seizure of defendant by the police could only be justified upon a finding of probable cause (see *People v Earl,* 40 NY2d 941, revg 50 AD2d 289 on dissenting opn of SHAPIRO, J., cert den 431 US 943; *People v Jose F., supra).*

The County Court's opinion is conspicuously silent with regard to whether the police had such probable cause. Clearly they did not. In fact, the arresting detective conceded on cross-examination that at the time defendant was seized, there was an insufficient basis (i.e., probable cause) upon which to make an arrest. While the officer's subjective opinion is not, of

course, controlling, it is in conformance with this court's view that there was no probable cause as a matter of law.

Anonymous tips received over the telephone "are of the weakest sort, since no one can be held accountable if the information is in fact false (see Penal Law, § 240.50) and there is no way to assure, by way of intangibles such as voice, facial expression or emotional state, that the information * * * was believable" *(People v Wynn,* 54 AD2d 366, 369). The fact that a car with specified license plates was parked in front of a specified address at 4:00 A.M. and was registered to the defendant was insufficient to corroborate the very serious charges made by the anonymous "informant". Similar "corroboration" would be made in any instance where a malicious neighbor or enemy desired to play a cruel hoax on an individual. Indeed, the fact that defendant's car was unlocked strongly suggests that the automatic pistol and silencer, as well as the bag of drugs, had been "planted" in the defendant's car by the anonymous tipster. Accordingly, the physical evidence found in defendant's car must be suppressed and the indictment dismissed.

O'CONNOR, J. P., RABIN, GULOTTA and MARGETT, JJ., concur.

Judgment of the County Court, Nassau County, rendered May 17, 1979, reversed, on the law, motion to suppress physical evidence granted, indictment dismissed and case remitted to the County Court, Nassau County, for the purpose of entering an order, in its discretion, pursuant to CPL 160.50.