■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FREDERICK RICHARDSON, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County (Schneier, J.), rendered April 11, 1983, convicting him of attempted criminal possession of a weapon in the third degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial of defendant's motion to suppress certain statements made by him and physical evidence.

Judgment reversed, on the law and the facts, motion to suppress defendant's statements and physical evidence granted, indictment dismissed, and matter remitted to the Supreme Court, Kings County, for the purpose of entering an order in its discretion pursuant to CPL 160.50.

On September 18, 1982, at approximately 3:20 A.M., while patrolling a high-crime area in their police vehicle, two police officers were informed by an anonymous motorist of a street fight in progress some four or five blocks away. The officers arrived at the scene of the alleged disturbance approximately

one minute later and as they approached the intersection in question, they saw defendant standing alone with his back to them. When defendant observed the police vehicle, he crossed the street and walked around the corner from where the police vehicle was located. The officers proceeded to follow the defendant around the corner, pulled up alongside of him and one of the officers directed the defendant to remove his hands from his pockets. After defendant complied with this request, the officers exited the police vehicle, proceeded to defendant's side, and one of them asked defendant if he happened to have a gun on him; defendant responded that he did. The officer then asked defendant where the gun was and when defendant told him, the officer removed it from defendant's jacket pocket. Defendant was thereafter arrested, the gun was found to be loaded, and, during a further search at the precinct, a bullet was found in defendant's trouser pocket. Upon the denial of his motion to suppress both the statements made by him to the police and the weapon taken from his person, defendant pleaded guilty to attempted criminal possession of a weapon in the third degree. We reverse.

The justifiable scope of a police officer's conduct in any particular situation where he encounters an individual in public is governed by the factual circumstances known to that officer at the time and a minimal intrusion is allowed where the officer seeks to obtain some information when there is "some objective credible reason for that interference not necessarily indicative of criminality" *(People v De Bour,* 40 NY2d 210, 223). Such a common-law right of inquiry, however, does not permit an officer to detain an individual against his will and forcible detention is justified only if there exists a reasonable suspicion that a crime has or is about to be committed *(Terry v Ohio,* 392 US 1; *People v Cantor,* 36 NY2d 106).

At the time the police officers stopped the defendant there existed neither reasonable suspicion warranting a frisk nor probable cause justifying seizure. The information received by the police officers as to an alleged disturbance at the location in question was anonymous and uncorroborated *(see, People v De Bour,* 40 NY2d 210, 223-224, *supra; People v Lypka,* 36 NY2d 210). No criminal activity was observed by the police officers at the scene in question, although they arrived approximately one minute after receipt of the anonymous tip, and the behavior of the defendant imported no criminal significance but was basically innocent. Innocuous behavior is not sufficient to generate a reasonable suspicion that a crime is in the process of being committed or has been or is about to be

committed, and, under such circumstances, an individual may not be seized, either constructively or physically, without the presence of some specific articulable facts warranting such seizure *(People v Cantor, supra,* at p 111; *see also, People v Johnson,* 64 NY2d 617; *People v Carrasquillo,* 54 NY2d 248). Nor will vague general hunches suffice to justify such an intrusion *(Terry v Ohio, supra; People v Sobotker,* 43 NY2d 559).

Because the actions of the police in this case had no articulable justification and, therefore, amounted to an unconstitutional intrusion, the ensuing search of the defendant's person was likewise illegal and both the statements of the defendant and the weapon in question must be suppressed *(Wong Sun v United States,* 371 US 471; *People v Cantor, supra).* Lazer, J. P., Bracken, Brown and Lawrence, JJ., concur.