■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT PEREZ, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Rotker, J.), rendered April 25, 1985, convicting him of criminal possession of a dangerous weapon in the third degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing (Beerman, J.), of these branches of the defendant's omnibus motion which were to suppress physical evidence and statements to law enforcement authorities.

Ordered that the judgment is reversed, on the law and the facts, those branches of the defendant's motion which were to suppress physical evidence and statements are granted, the indictment is dismissed, and the matter is remitted to the

Supreme Court, Queens County, for the purpose of entering an order in its discretion pursuant to CPL 160.50.

On November 8, 1984, at about 2:00 P.M., Police Officer William Ludwig received a radio transmission based upon an anonymous telephone tip of a male Hispanic in a long black coat with a gun at 8th Street and Astoria Boulevard, Queens. The officer and his partner responded to that location where they saw other people walking on the street. They approached the defendant who was wearing a black thigh-length coat or jacket. The defendant, who was walking towards the officers, was ordered by Ludwig, who had his gun drawn and against his side, to place his hands against a nearby wall and was immediately patted down. Ludwig felt a large hard object on defendant's left hip, pulled the jacket away and removed a .38 caliber revolver which was in a leather holster attached to the defendant's belt. After being handcuffed and prior to being advised of his *Miranda* rights, the defendant made certain statements including one that "You would carry a gun too if you were down here".

The hearing court refused to suppress the gun and the statements. We now reverse.

The sole predicate for the forcible stop and frisk of the defendant was a radio transmission based upon an anonymous tip. That basis was of the weakest type, and, under the facts of this case, was not sufficient to justify the actions taken by the police *(see, People v Stewart,* 41 NY2d 65; *People v Barbera,* 71 AD2d 231, 234). Here, there was no attempt to substantiate the anonymous information which, in any event, did not indicate that the gun had just been used in a crime *(see, People v Green,* 35 NY2d 193). Nor did the officers personally observe anything at the scene which would have warranted the actions taken without first making an inquiry of the defendant. When first observed, the defendant, who was walking in the officers' direction, did not change his course or behave in a suspicious or furtive manner *(see, People v Richardson,* 114 AD2d 473). He barely fit the general and unspecific description given, and was not wearing a long coat. There was no observation of a weapon outline on the defendant's person, even though the encounter took place at a close range in clear daylight *(see, People v La Pene,* 40 NY2d 210, 226).

In sum, the officers' intrusion far exceeded what the circumstances permitted. Initially, the officers should have made a stop to inquire. As the actions of the police had no articulable justification and, therefore, amounted to an unconstitutional

intrusion, the ensuing search was illegal and the fruits thereof, including the weapon and the statements, should have been suppressed *(see, Wong Sun v United States,* 371 US 471; *People v Cantor,* 36 NY2d 106; *People v Richardson, supra; People v Brown,* 112 AD2d 945). Mollen, P. J., Bracken, Brown and Spatt, JJ., concur.