■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM PATTERSON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Browne, J.), rendered March 27, 1987, convicting him of criminal possession of a controlled substance in the fourth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is reversed, on the law, that branch of the defendant's omnibus motion which was ·to suppress physical evidence is granted, the indictment is dismissed, and the matter is remitted to the Supreme Court, Queens County, for the purpose of entering an order in its

discretion pursuant to CPL 160.50. The facts have been considered and determined to have been established.

On September 26, 1985, at about 8:45 A.M., Police Officers Christopher Buckley and Joseph Burnside, who were on foot patrol in the vicinity of 119th Avenue and Sutphin Boulevard, Queens, received a radio transmission reporting "a possible crime in progress" and a description of 2 black males on bicycles, 1 of whom "possibly" had a gun. The radio transmission stated that one of the men was wearing a green jacket and a black hat, and the other was wearing a blue sweatshirt. Moments later the police officers observed the defendant who was wearing a green jacket and a black hat, sitting on a bicycle. The officers approached the defendant with their service revolvers drawn and, without first making any inquiry of the defendant, ordered him to get off of his bicycle and to stand up against a wall. When the defendant did not answer, Police Officer Buckley "took" the defendant off the bicycle and caused him to assume a "spread eagle" position against the wall. Buckley further testified that as he frisked the defendant for a weapon, a bundle consisting of approximately 50 glassine envelopes containing a white powdered substance, fell from underneath the defendant's jacket. The defendant was arrested, and a search of his person conducted at the police precinct yielded approximately 96 more glassine envelopes containing cocaine. No weapon was found.

On cross-examination Buckley testified that the radio transmission did not indicate which of the two black males "possibly" carried the gun. Nor did the transmission indicate when the alleged perpetrator was seen with a gun. Buckley could only presume that an unknown person furnished information to certain members of the police department and based on that information the radio transmission which he heard was then made.

Under the facts of this case, we hold that the suppression court erred in denying the defendant's motion to suppress the glassine envelopes and their contents.

"The sole predicate for the forcible stop and frisk of the defendant was a radio transmission based upon an anonymous tip. That basis was of the weakest type, and, under the facts of this case, was not sufficient to justify the actions taken by the police" (People v Perez, 125 AD2d 419, 420; see also, People v Stewart, 41 NY2d 65; People v Barbera, 71 AD2d 231). At bar, the officers did not personally observe anything at the scene which warranted their intrusive actions without having first

made inquiry of the defendant. The defendant, who was merely sitting on a bicycle, did not evince any suspicious or furtive behavior (see, People v Richardson, 114 AD2d 473). The description of the alleged perpetrators lacked specificity. There was no description of the physical characteristics of the alleged perpetrators. Nor was any testimony adduced at the hearing to the effect that the police had observed any bulges indicative of a concealed weapon in the defendant's jacket, even though the encounter took place at close range in daylight (see, People v La Pene, 40 NY2d 210). There was also no testimony indicating that the officers feared for their safety (see, People v Benjamin, 51 NY2d 267).

In sum, the police officers' actions far exceeded what the circumstances permitted, had no articulable justification, and, therefore, amounted to an unconstitutional intrusion. Accordingly, the ensuing searches were illegal and the fruits thereof, all 146 glassine envelopes and their contents, must be suppressed (see, People v Cantor, 36 NY2d 106; People v Perez, supra; People v Richardson, supra). Since there is no untainted evidence of the crime with which the defendant was charged, the indictment is dismissed.

In view of our determination, we need not address the defendant's remaining contentions. Mangano, J. P., Bracken, Kooper and Sullivan, JJ., concur.