■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TONY MAYA, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Zweibel, J.), rendered October 25, 1989, convicting him of criminal possession of a controlled substance in the third degree and criminal possession of a weapon in the third degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review, the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress physical evidence and a statement made by him to the police.

Ordered that the judgment is reversed, on the law, those branches of the defendant's omnibus motion which were to suppress physical evidence and the statement made by him to the police are granted, the indictment is dismissed, and the matter is remitted to the Supreme Court, Kings County, for the purpose of entering an order in its discretion pursuant to CPL 160.50. The facts have been considered and determined to have been established.

On December 2, 1988, at approximately 11:48 P.M., two police officers received a radio transmission, based on an anonymous tip, to the effect that shots had been fired by a male with a "heavy build" wearing a gray jacket, red sweater, and white pants. The radio transmission further indicated that the man was standing with eight or nine other men at the corner of Central Avenue and Troutman Street, in Brooklyn. The officers responded to that location, and saw the defendant standing with 10 or 15 other men. The defendant was wearing "acid-washed" blue jeans and a bulky grey jacket so that it "appeared" that he "was heavy set". The police officers approached the defendant with guns drawn to their sides and one of them asked the defendant to take his hands out of his pockets. After a second request by the officer, the defendant complied and was then told to put his hands on a fence. After the defendant placed his hands against the fence, one of the police officers patted him down. The officer felt an object which he believed "could have been a gun", reached into the defendant's pocket, and removed a loaded .22 caliber

automatic handgun. The defendant was then placed under arrest. Incident to the arrest, the officer searched and recovered from the defendant's person the following items: four bags of white powder, a small scale, $900, a beeper, a holster, and bullets. The defendant thereafter volunteered that he owned the gun and the seized drugs.

The Supreme Court denied suppression of the physical evidence and the defendant's statement. We disagree with this determination. "The sole predicate for the forcible stop and frisk of the defendant was a radio transmission based on an anonymous tip. That basis was of the weakest type, and under the facts of this case, was not sufficient to justify the actions taken by the police" *(People v Perez,* 125 AD2d 419, 420). It is only when an anonymous tip is "so specific and congruous with that which was actually encountered [by the responding officers], that its reliability reasonably could have been assumed, justifying more intensive police action" *(People v Benjamin,* 51 NY2d 267, 270; *People v Gray,* 154 AD2d 301, 302; *People v Bond,* 116 AD2d 28, 31). In contrast to the details furnished in the radio transmission, the defendant was observed standing with 10 to 15 other men and wearing acid-washed blue jeans. No red sweater was observed and the defendant only appeared to have a heavy build due to his bulky jacket. That the defendant kept his hands in his pockets "could not, without more, reasonably be interpreted as threatening, furtive or suspicious" *(People v Gray, supra,* at 303). Moreover, the officers did not observe a bulge or the outline of a weapon, even though the encounter occurred in a well-lit area *(People v De Bour,* 40 NY2d 210, 221).

Since the actions of the police amounted to an "unconstitutional intrusion, the ensuing search was illegal and the fruits thereof * * * should have been suppressed" *(People v Perez, supra,* at 420-421). Mangano, P. J., Lawrence, Rosenblatt and Miller, JJ., concur.