In the Matter of ELI K., a Person Alleged to be a Juvenile Delinquent, Appellant.—In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an amended order of disposition of the Family Court, Kings County (Schechter, J.), entered November 15, 1991, which, upon a fact-finding order of the same court, dated October 10, 1991, made after a hearing, finding that the appellant violated the conditions of a 12-month term of probation imposed upon him by an order of the same court dated July 25, 1991, placed him with the Division for Youth. The appeal brings up for review the fact-finding order dated October 10, 1991, and the denial, after a hearing, of the appellant's motion to suppress physical evidence.

Ordered that the amended order of disposition is reversed, on the law, without costs or disbursements, the motion to suppress physical evidence is granted, the fact-finding order dated October 10, 1991, is vacated, and the violation of probation petition is dismissed.

The testimony before the Family Court indicated that police officers received a radio transmission of an anonymous tip regarding a man with a gun at an apartment building located at 191 Willoughby Street, Brooklyn. The radio broadcast described the individual as a "[m]ale black approximately 16 years old, five foot tall, wearing a white shirt and black pants". Upon arriving at the address, the officers observed a group of four black males and one light-skinned male playing with a basketball in a playground at the rear of the building. The appellant, one of the black males, was a teenager and was approximately five feet tall. He was wearing black pants, but had no shirt on. The officers watched as the appellant placed his hand beneath a T-shirt which, along with a burgundy sweatshirt, was lying nearby. The T-shirt was white with a picture of a large handgun and some printing on it. The appellant removed his hand from the shirt and walked several feet away from it. The arresting officer then approached and immediately searched the T-shirt and withdrew a handgun from underneath it. In response to the officer's inquiry, the appellant stated that both the shirt and the gun belonged to him. He was then placed under arrest.

We agree with the appellant's contention that, under the foregoing circumstances and without any additional facts to

support the police conduct, the weapon and statements should have been suppressed as the fruit of an unlawful search. Indeed, the testimony merely established that the appellant partially matched a meager and general description of the perpetrator gleaned from an anonymous tip, and thus was clearly inadequate to support a finding of probable cause to justify the search *(see, People v Maya,* 172 AD2d 565; *People v Patterson,* 156 AD2d 723; *People v White,* 117 AD2d 127; *People v Riddick,* 110 AD2d 787). Significantly, there was no testimony that the appellant engaged in any suspicious or furtive behavior or that the police observed any evidence of a weapon or of criminality *(see, People v Maya, supra; People v Patterson, supra).* Hence, the evidence was inadmissible and the violation of probation petition must be dismissed. Mangano, P. J., Sullivan, Balletta and Miller, JJ., concur.