■ The People of the State of New York, Respondent, v Bruce L. Hoffman, Appellant. [638 NYS2d 203] —Yesawich Jr., J. Appeal from a judgment of the County Court of Warren County (Moynihan, Jr., J.), rendered November 23, 1994, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the fourth degree.

On March 18, 1994, the Warren County Sheriff's Department received a series of anonymous telephone calls, through the 911 service, informing them that defendant was in room No. 2 of a rooming house located at 12 McGillis Avenue in the Town of Lake George, Warren County, and had in his possession a large amount of crack cocaine. Acting on this tip, the Sheriff's Department obtained a search warrant for the room, as well as for a locker that the caller had also mentioned as a possible repository of drugs. Upon execution of the warrant, the officers found defendant—and a key to the locker—in the room, along with several plastic bags containing cocaine. Drug-

related paraphernalia, some containing cocaine residue, was found in the room and also in the locker.

Defendant was arrested and later indicted on charges of criminal possession of a controlled substance in the third degree and criminal sale of a controlled substance in the third degree. His motion to suppress the physical evidence, because the proof introduced in support of the search warrant application did not demonstrate probable cause for the search, was denied by County Court after a hearing. The court found that defendant had standing to contest the validity of the warrant and also, based on the evidence presented to the issuing Magistrate, that the latter had probable cause to issue it. Defendant thereafter pleaded guilty to a single count of criminal possession of a controlled substance in the fourth degree and was sentenced accordingly. This appeal ensued.

At the outset, we note that inasmuch as the record provides ample basis for County Court's factual findings that defendant was entitled to occupy room No. 2 of the rooming house, had a key to the room and resided there continuously from mid-February 1994 until his arrest, there is no basis to disturb the court's conclusion that defendant had a sufficient expectation of privacy in the room and the locker to contest the searches thereof (*see, People v Rodriguez*, 69 NY2d 159, 162-163).

As to the merits, it is defendant's position—well taken, we believe—that the suppression motion should have been granted, since the warrant application was based solely on the hearsay statements of an anonymous source, and contained nothing demonstrating the reliability of the information or of the informant, as required by the *Aguilar/Spinelli* test (*see, Aguilar v Texas*, 378 US 108; *Spinelli v United States*, 393 US 410; *People v Griminger*, 71 NY2d 635, 639). An anonymous telephone tip must be viewed with undiluted suspicion, as it is a notoriously weak and unreliable source of information, which, without more, rarely justifies the considerable intrusion inherent in a search or seizure (*see, People v De Bour*, 40 NY2d 210, 224-225; *People v Perez*, 125 AD2d 419, 420; *People v Barbera*, 71 AD2d 231, 234). In the present case, the reliability of the tip was not established by proof that the informant had a prior " 'track record' " as a supplier of valid information, nor did he testify under oath or furnish information contrary to his penal interest (*see, People v Johnson*, 66 NY2d 398, 403). And, the People's contrary view notwithstanding, the veracity of the information itself was not substantiated by independent corroboration (*see, e.g., People v DiFalco*, 80 NY2d 693, 697).

No investigation was undertaken to verify any essential

aspects of the informant's statements; the only "details" of which the officers had any independent knowledge were (1) that a rooming house was located at the stated address, (2) that there were lockers in the first floor lobby of that building, and (3) that defendant—according to an unsworn representation made by an assistant prosecutor to the issuing Magistrate—had previously been arrested for possession of crack cocaine. None of these facts relates in any way to the reported criminal activity or confirms any element of the caller's account of that activity (*compare, People v Rodriguez*, 52 NY2d 483, 489-490; *People v Cruz*, 191 AD2d 507, 507-508, *lv denied* 81 NY2d 1071); the particulars cited are merely "peripheral to the reported criminal scheme", not "significant and essential to carrying it out" (*People v DiFalco, supra*, at 699). The basis upon which the Magistrate found the anonymous tips sufficiently reliable to justify issuance of the warrant being inadequate, defendant's motion to suppress the fruits of the resulting search should have been granted.

Crew III, J. P., Casey and Spain, JJ., concur. Ordered that the judgment is reversed, on the law, motion to suppress granted and indictment dismissed.