The defendant's remaining contentions are unpreserved for appellate review, without merit, or relate to harmless error. O'Brien, J. P., Florio, H. Miller and Smith, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN OLIVER, Also Known as MICHAEL SMITH, Appellant. [692 NYS2d 405] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Eng, J.), rendered June 19, 1997, convicting him of criminal possession of a weapon in the third degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Rutledge, J.), of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is reversed, on the law, that branch of the defendant's omnibus motion which was to suppress physical evidence is granted, the indictment is dismissed, and the matter is remitted to the Supreme Court, Queens County, for the purpose of entering an order in its discretion pursuant to CPL 160.50.

In the early morning hours of February 24, 1996, two police officers received a radio transmission based on an anonymous tip that a robbery had occurred at 191st Street and Woodhull Avenue, Queens County, by a black male, approximately six feet two inches tall, wearing a beige jacket, blue earmuffs, and blue sweatpants. The police proceeded to the location, and observed the defendant at the corner of 187th Street and Jamaica Avenue, approximately five blocks from the reported location of the robbery. The defendant was wearing a brown jacket, with green rainpants, and no earmuffs. The police drove their vehicle next to the defendant as he walked down 187th

Street, and after exiting, one officer approached the defendant from the left while the other officer approached him on the right. The defendant was then led to the police vehicle and told to "put his hands on the car". After placing his hands on the vehicle, the defendant complied with the officer's next directive to step up onto the curb, and as he did so, the officer observed the butt of a gun protruding from the defendant's right front pocket of his jacket. The defendant was then placed under arrest.

Under the circumstances presented here, the police did not have reasonable suspicion to stop and detain the defendant. Whenever an individual is physically or constructively detained by virtue of a significant interruption of his liberty of movement as a result of police action, that individual has been seized within the meaning of the 4th Amendment (*see, Terry v Ohio,* 392 US 1; *People v Cantor,* 36 NY2d 106). A police officer must have a reasonable suspicion that a particular person has committed, is committing, or is about to commit a felony or misdemeanor before a forcible stop and detention of that person is authorized (*see,* CPL 140.50; *Terry v Ohio, supra,* at 19; *People v Cantor, supra,* at 111-112).

Here, the sole predicate for the stop of the defendant was a radio transmission based on an anonymous tip. That basis is of the weakest type and, under these facts, was insufficient to justify the police conduct (*see, People v Maya,* 172 AD2d 565). There was no verification of the information received over the radio, and on cross-examination, the arresting officer testified that the defendant's behavior was neither suspicious nor furtive, and he did not appear nervous. Moreover, there were no exigent circumstances present which would have precluded the police from making a common-law right of inquiry (*see, People v La Pene,* 40 NY2d 210). In the absence of reasonable suspicion, the police actions amounted to an unconstitutional intrusion and the gun should have been suppressed (*see, People v Madera,* 82 NY2d 775; *People v Maya, supra,* at 565).

The defendant's remaining contentions, including those raised in his supplemental *pro se* brief, are either unpreserved for appellate review, without merit, or do not warrant reversal. Bracken, J. P., S. Miller, Thompson and Sullivan, JJ., concur.