■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FREDERICK BROWN, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County (Lawrence, J.), rendered March 25, 1982, convicting him of criminal possession of a weapon in the third degree, after a nonjury trial, and imposing sentence. The appeal brings up for review the denial, after a hearing (Slavin, J.), of that branch of defendant's motion which was to suppress certain evidence.

Judgment reversed, on the law and the facts, motion to suppress granted in its entirety, and a new trial ordered.

At about 1:30 A.M. on June 23, 1980, undercover police officers observed a woman on the street in a high-crime area. Parked nearby was a Cadillac automobile. The officers then saw a man from the car approach the woman and, after a short period of conversation, saw them enter the vehicle. The man did not force the woman into the vehicle, nor did the police observe any suspicious movements or a struggle inside the car. After the man who they had previously observed again exited the car, it began to pull away from the curb. As it was leaving the parking space the car made a series of sharp lurching movements backwards and forwards. At this point, the officers pulled their unmarked car up to the vehicle, identified themselves as police, ordered the defendant to turn off the engine, and surrounded the car. When the woman opened the passenger's side door, one of the officers noticed the butt of a gun on the floor of the car sticking out from beneath the driver's seat.

After the defendant was handcuffed and the gun removed, he stated to the officers that the gun was his. Upon frisking the defendant, the officers found an ammunition clip and seven bullets in his pocket.

The hearing court denied suppression of the gun and the ammunition found on defendant's person, as well as his statement to the effect that it was his gun. We now reverse.

Clearly, when the police pulled up alongside the automobile, thereby blocking its path of egress from the parking space, ordered the defendant to turn off the engine and surrounded the car, they had stopped and seized both the car and its occupants (*People v Cantor*, 36 NY2d 106).

In *People v Sobotker* (43 NY2d 559, 563) the Court of Appeals stressed that in the absence of " 'nonarbitrary, nondiscriminatory, uniform' highway traffic procedures", the stop of a motor vehicle on a public highway is justified only when there is specific cause or, at least, a reasonable suspicion that the motorist is about to violate the law. In explaining the words "specific cause", the court noted that such cause must be based upon specific and articulable facts, and that a "[m]ere 'hunch' or 'gut reaction' will not do" (*People v Sobotker, supra,* at p 564; *see also, People v Carrasquillo,* 54 NY2d 248). Here, the circumstances described by the arresting officers do not rise to the level of a reasonable suspicion that the occupants of the car, or either of them, had been or were about to become engaged in any criminal conduct whatsoever. Absent a reasonable suspicion that criminal activity was astir, the police were without authority to seize the vehicle.

Having concluded that the initial seizure of the defendant was unlawful, the fruits of that impermissible intrusion must be suppressed. Consequently, the gun, the bullets and the clip, as well as the defendant's on-the-scene admission that it was his gun, should have been suppressed. Thompson, J. P., Bracken, Weinstein and Niehoff, JJ., concur.