■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DUANE BLOISE, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Harrington, J.), rendered March 4, 1987, convicting him of robbery in the first degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

The arresting officer testified at the suppression hearing that on November 23, 1985, at 10:15 P.M., while on radio motor patrol, he received a call that "there was a white Datsun with two male blacks with out-of-state license plates possibly armed with a gun" parked at a particular location. Within seconds, he received the additional information that a robbery may have taken place and that he should use caution. As he was proceeding to the location specified in the call, and while he was approximately one block away from it, the officer observed a white Datsun bearing South Carolina license plates and with two black males inside, coming toward him. After stopping the vehicle and asking its driver, the defendant, for a license and registration, he observed what appeared to be the butt of a gun protruding from underneath the driver's seat. The officer directed the two occupants to get out of the vehicle while he retrieved what proved to be a pellet gun, whereupon 3 people came running up the street and 1 of them shouted "That's them * * *. Those are the ones that held me up". The officer then retrieved a coat and some other articles from the back seat of the vehicle, which the victim identified as his, whereupon the defendant and his passenger were formally placed under arrest.

We do not agree with the defendant's contention that his "apprehension" was without lawful predicate. Although the stop of the vehicle must be grounded on a "reasonable suspicion" that at least one of its occupants has engaged, is engaging, or is about to engage in criminal activity (see, CPL 140.50 [1]; cf., People v Sobotker, 43 NY2d 559; People v Brown, 112 AD2d 945), we conclude that the radio call, the reliability of which defendant does not challenge (see, People v Lypka, 36 NY2d 210, 213; People v Reddick, 107 AD2d 721, affd 65 NY2d 835), together with the timing and location of the investigative

stop, amply support the hearing court's determination of the lawfulness of the stop of the defendant's vehicle *(see, People v Singleton,* 41 NY2d 402; *see also, People v Johnson,* 102 AD2d 616, 620). Moreover, requiring the defendant and his passenger to get out of the vehicle upon observing what appeared to be a gun ·was, under the circumstances, reasonable. The fortuitous identification of the defendant and his passenger as perpetrators of the robbery, transformed what was originally a reasonable suspicion into probable cause for the arrest *(see, People v Singleton, supra).* Therefore, suppression of the evidence thereby recovered was not warranted.

Finally, we find that the defendant's sentence was neither harsh nor excessive *(see, People v Suitte,* 90 AD2d 80). Bracken, J. P., Kooper, Harwood and Balletta, JJ., concur.