■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v IAN SMITH, Respondent.—Appeal by the People from an order of the Supreme Court, Kings County (Heller, J.), dated November 14, 1988, which, after a hearing, granted that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the order is reversed, on the law, that branch of the defendant's omnibus motion which was to suppress physical evidence is denied, and the matter is remitted to the Supreme Court, Kings County, for further proceedings on the indictment.

On October 31, 1987, at about 10:39 P.M., Police Officer Faraci observed a vehicle pass through a "steady" red traffic light at the intersection of Kings Highway and Rockaway Parkway. He followed the car for about one block and then "pulled [it] over". He approached the driver's side of the vehicle, stood next to it just behind the driver's door, and

asked the defendant for his license and registration. The defendant could not produce the requested documents after looking in his wallet and turned his body towards the area of the car between the two front seats. The defendant's back was then to the police officer who could not see the defendant's hands. The police officer shined his flashlight through the rear window of the car and observed a revolver on the floor behind the driver's seat. He ordered the defendant out of the car and arrested him.

We find that the hearing court improperly granted suppression of the revolver. Initially, we note that the police officer acted appropriately in stopping the defendant's car based upon the commission of a traffic infraction and for the purpose of making a reasonable inquiry of the operator of the vehicle. Further, the police officer's shining of his flashlight into the vehicle, while he remained outside (see, People v Ahing, 125 AD2d 476), to illuminate what was otherwise in plain view, did not amount to an unreasonable intrusion (see, People v Cruz, 34 NY2d 362; People v Hernandez, 125 AD2d 492). Mollen, P. J., Mangano, Kunzeman and Kooper, JJ., concur.