■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GREGORY MORRISON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Golia, J.), rendered February 25, 1988, convicting him of attempted criminal possession of a controlled substance in the seventh degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing (Berkowitz, J.), of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is reversed, on the law, that branch of the defendant's omnibus motion which was to suppress physical evidence is granted, the indictment is dismissed and the matter is remitted to the Supreme Court, Queens County, for the purpose of entering an order in its discretion pursuant to CPL 160.50.

At approximately 4:50 A.M. on March 7, 1987, police officers on routine patrol in a high-crime area noticed the defendant's vehicle parked in a parking lot with the motor running and the vehicle's nose abutting a building. Two males were sitting in the front seats of the car. The officers pulled in behind the vehicle as it was attempting to leave and they exited their patrol car. One officer approached the driver's door and the other walked up to the passenger's door. The defendant was asked to shut the motor off and to produce his license, registration and insurance card. In attempting to comply with this request, the defendant leaned over, opened the glove compartment, and a glass pipe and a sifting screen fell to the floor. The defendant and the other occupant were ordered out of the car and one of the officers retrieved the contraband. Upon doing so, a weapon was observed under the passenger's seat and both individuals were placed under arrest.

The actions taken by the police clearly amounted to a stop and a seizure of both the car and its occupants *(see, People v*

*Sobotker,* 43 NY2d 559; *People v Cantor,* 36 NY2d 106; *People v Brown,* 112 AD2d 945) and therefore required some reasonable suspicion that criminal activity had been, was about to or was presently occurring *(see, People v Brown, supra; People v Sobotker, supra).* There was no such indication here and the fact that this was a high-crime area, in the absence of any other articulable justification for the stop, will not suffice to attribute to the officers' actions the appropriate level of reasonable suspicion needed to make this seizure lawful *(see, People v Bronston,* 68 NY2d 880). As the seizure of the defendant and his vehicle was unlawful, the fruits of the search must be suppressed. Thompson, J. P., Bracken, Sullivan and Balletta, JJ., concur.