■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT ELLIS, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (Martin, J.), rendered October 30, 1985, convicting him of reckless endangerment in the first degree and assault in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

At approximately 6:00 A.M. on May 7, 1984, the defendant

returned to his home after having been gone for three days as a result of an argument he had with his wife. Upon entering the house, he exchanged words with her, drew a gun, hit her over the head several times, and fired in her direction. Thereafter, he left.

At approximately 9:00 P.M. in the evening on the same day, the defendant was stopped by a New Jersey State Trooper who had observed his car weaving on the highway for roughly three quarters of a mile. The officer asked the defendant to step out of the vehicle. As the defendant exited the car, the State Trooper noticed an open beer container on the floor in front of the passenger seat, an apparent violation of a New Jersey law. The officer escorted the defendant away from his vehicle, and after two other police cars arrived on the scene, the officer returned to the defendant's car to retrieve the container. Upon doing so, he observed the butt of a gun sticking out of a vinyl bag which was lying on the front seat of the car. Thereafter, he took the defendant into custody and charged him with possession of a weapon. The beer bottle proved to be empty, and consequently, the defendant was not charged with having an open beer container. The defendant argues that the stop of his vehicle was unlawful. We disagree.

The actions taken by the New Jersey police officer clearly amounted to a stop and seizure of both the car and its occupant (see, People v Morrison, 161 AD2d 608; People v Sobotker, 43 NY2d 559; People v Cantor, 36 NY2d 106), and therefore, required some reasonable suspicion that the car's occupant "had been, [is] then, or [is] about to be, engaged in conduct in violation of law" (People v Sobotker, supra, at 563). In light of the way that the appellant was operating his vehicle and the undisputed fact that the weapon was lying in plain view on the front seat of the vehicle, the trial court properly denied suppression of the weapon.

We also find no merit to the defendant's contention that he was denied the effective assistance of trial counsel. Viewing the criminal proceedings in their entirety, we are of the opinion that the defendant received meaningful and effective representation (see, People v Baldi, 54 NY2d 137). Under the facts and circumstances of this case, defense counsel's request for an examination pursuant to CPL article 730 and his refusal to present the defense offered by the defendant were proper.

We have considered the defendant's remaining contentions, including those raised in his supplemental pro se brief and his

claim that his sentence was excessive, and find them to be without merit. Brown, J. P., Rosenblatt, Miller and Ritter, JJ., concur.