■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v GREGORY BUTE and RICHARD LEWIS, Respondents.—Appeal by the People from an order of the Supreme Court, Kings County (Heller, J.), dated December 19, 1989, which, after a hearing, granted those branches of defendants' omnibus motions which were to suppress tangible evidence.

Ordered that the order is reversed, on the law, those branches of the defendants' respective motions which were to suppress tangible evidence are denied, and the matter is remitted to the Supreme Court, Kings County, for further proceedings on the indictment.

The police, acting on an anonymous tip concerning shots fired at a particular location, were advised by persons near that location that two men in a blue Volvo were responsible for the shooting and that the car was heading up a particular street in a particular direction. The police proceeded in that direction and almost immediately spotted a blue Volvo with two male occupants. Another police vehicle to which the description and location of the vehicle had been relayed by radio prevented the Volvo from proceeding further. An officer approached the passenger side of the Volvo. He shined his flashlight into the front and back seat of the vehicle and was thus able to observe the handle of a gun protruding from the back seat cushion near the center armrest. The officer then entered the vehicle and retrieved a handgun and both defendants were arrested. A subsequent inventory search of the Volvo at the police station produced an electronic stun gun located in a map compartment on one of the front doors.

The Supreme Court suppressed the handgun and the stun gun, apparently on the theory that there had been an unnecessary unjustified intrusion into the vehicle *(see, People v Torres,* 74 NY2d 224; *see also, People v Pena,* 155 AD2d 310).

The stop of the defendants' vehicle was lawful only if grounded on a "reasonable suspicion" that at least one of its occupants had engaged, was engaging, or was about to engage in criminal activity *(see,* CPL 140.50 [1]; *cf., People v Sobotker,* 43 NY2d 559; *People v Brown,* 112 AD2d 945; *People v Bloise,* 150 AD2d 382). The anonymous tip of shots fired and the on-the-scene conversations with observers indicating that occupants of a described vehicle heading in a particular direction were responsible for the firing of shots, together with the timing and location of the investigative stop, provided a proper basis for that stop *(see, People v Singleton,* 41 NY2d 402; *People v Bloise, supra; see also, People v Brown, supra; cf., People v Pena, supra).* Moreover, the minimal intrusion of shining a flashlight into the vehicle to illuminate what was otherwise in plain view was not an unreasonable one *(see, People v Cruz,* 34 NY2d 362, *amended on other grounds* 35 NY2d 708; *People v Smith,* 157 AD2d 870; *cf., People v Singleton, supra).* Since what was in plain view justified subsequent police action, including the arrest for illegal possession of the retrieved handgun *(cf., People v Singleton, supra; People v Smith, supra; People v Bloise, supra)* and the inventory search of the Volvo *(see, People v Gonzalez,* 62 NY2d 386; *People v Butler,* 44 AD2d 423, *affd* 36 NY2d 990), the tangible evidence

seized should not have been suppressed. Brown, J. P., Kooper, Harwood and Miller, JJ., concur.