■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EUSEBIO GUZMAN, Appellant. [612 NYS2d 45] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (G. Goldstein, J.), rendered May 28, 1991, convicting

him of criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

There is no merit to the defendant's contention that the court should have suppressed physical evidence seized from the defendant's car. Since the police observed the defendant violating traffic regulations, the stop of the defendant's vehicle was valid (see, People v Ellis, 62 NY2d 393; People v McFadden, 194 AD2d 567). After stopping the vehicle, it was not unreasonable for the police officer to approach the defendant's vehicle and to lean inside (see, People v Vasquez, 106 AD2d 327, affd 66 NY2d 968, cert denied 475 US 1109) aided with a flashlight (see, People v Spencer, 193 AD2d 90; People v Bute, 172 AD2d 550). He was justified in seizing a pistol when he observed its butt protruding from under the front seat (see, People v David L., 56 NY2d 698, cert denied 459 US 866; People v Ellis, 169 AD2d 838). Rosenblatt, J. P., Ritter, Copertino and Joy, JJ., concur.