■ The People of the State of New York, Respondent, v Edward Damaceno, Appellant. [625 NYS2d 533] —Judgment, Supreme Court, Bronx County (Vincent Vitale, J.), rendered July 7, 1993, convicting defendant, upon his plea of guilty, of criminal possession of a weapon in the third degree, and sentencing him, as a second felony offender, to a term of 2½ to 5 years, unanimously affirmed.

The stop of the cab in which defendant was a passenger was justified by the police officer's observation of the cab approaching with its headlights off but parking lights on, which, in combination with his observation of defendant quickly ducking down in the back seat, was reasonably considered to be a distress signal *(see, People v Davis,* 130 AD2d 268, 269, *appeal dismissed* 72 NY2d 950). Once the cab was stopped, the opening of a door by the officer was a valid security measure *(People v David L.,* 56 NY2d 698, *revg on dissent* 81 AD2d 893, 895, *cert denied* 459 US 866; *People v Vasquez,* 106 AD2d 327, 329-330, *affd* 66 NY2d 968, *cert denied* 475 US 1109), and once the door was open, the officer could seize the gun that was in

plain view *(People v David L., supra; People v Guzman,* 203 AD2d 381, *lv denied* 83 NY2d 967). There is no merit to defendant's *Rosario* claim in view of the officer's hearing testimony that, although it was his normal practice to do so, he had no recollection whether in this case he made written notes describing the cab and its driver. Concur—Sullivan, J. P., Ellerin, Rubin, Williams and Tom, JJ.