■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN EDWARDS, Appellant. [635 NYS2d 274] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Martin, J.), rendered July 18, 1994, convicting him of criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the

denial, after a hearing (Grajales, J.), of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

On November 22, 1993, at about 10:10 P.M., the defendant was one of two passengers traveling on Eastern Parkway in a livery vehicle that was stopped by Police Officers Maverick Sciarrino and Steven Ventura because the vehicle's windows had "pitch black tinting". While Officer Ventura was speaking with the driver of the vehicle, Officer Sciarrino attempted to observe the activities of the two passengers in the rear of the vehicle. However, Officer Sciarrino's view was obstructed and he could only see the driver of the car repeatedly glancing toward two male passengers who appeared to be moving about. Acting out of concern for the risk posed to himself and his partner, Officer Sciarrino opened the rear door of the vehicle and shined his flashlight on the two males in the back seat. Officer Sciarrino saw that the defendant was carrying a gun in the inner pocket of his open jacket. The defendant was placed under arrest and the gun was determined to be a loaded .44 caliber magnum revolver.

There is no merit to the defendant's contention that the hearing court should have suppressed the physical evidence recovered from the defendant's possession. Since the police reasonably believed that the tinted windows of the vehicle constituted a violation of the Vehicle and Traffic Law, their stop of the vehicle was lawful (*see, People v Ingle*, 36 NY2d 413, 414-415, 420; *People v Osborne*, 158 AD2d 740, 741-742; *People v Daguilar*, 158 AD2d 857, 858). After stopping the vehicle, it was reasonable for the officers to conclude that the tinted windows, which obstructed their view of the vehicle's interior, together with the furtive glances of the driver toward the passengers in the back seat and the movement of those passengers, created a threat to their safety. Consequently, they did not engage in an illegal search of the vehicle by opening its door (*see, People v David L.*, 56 NY2d 698, 699-700). Upon observing the butt of a gun protruding from the defendant's jacket pocket, the officers had probable cause to arrest him and seize the weapon (*see, People v Guzman*, 203 AD2d 381).

The defendant's remaining contention is without merit. Mangano, P. J., Bracken, Sullivan and Hart, JJ., concur.