People v Mobley (2018 NY Slip Op 00314)





People v Mobley


2018 NY Slip Op 00314


Decided on January 17, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 17, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
LEONARD B. AUSTIN
SANDRA L. SGROI
VALERIE BRATHWAITE NELSON, JJ.


2016-03001
 (Ind. No. 1225/14)

[*1]The People of the State of New York, respondent,
v
Gerald Mobley, appellant.


Mark Diamond, New York, NY, for appellant.
Madeline Singas, District Attorney, Mineola, NY (Tammy J. Smiley and John B. Latella of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Nassau County (William Donnino, J.), rendered March 4, 2016, convicting him of criminal possession of a controlled substance in the fourth degree and criminal possession of a controlled substance in the seventh degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing pursuant to a stipulation in lieu of motions, of the suppression of physical evidence.
ORDERED that the judgment is affirmed.
The specific contentions raised by the defendant regarding the lawfulness of the stop of his vehicle and subsequent arrest are unpreserved for appellate review (see CPL 470.05[2]; People v Cruz, 137 AD3d 1158, 1159). In any event, the defendant's contentions lack merit. "[T]he stop of [a] vehicle must be grounded on a reasonable suspicion that at least one of its occupants has engaged, is engaging, or is about to engage in criminal activity" (People v Bloise, 150 AD2d 382, 382 [internal quotation marks omitted]; see People v Ocasio, 85 NY2d 982, 984). Here, the officers who stopped the vehicle driven by the defendant had, at the very least, reasonable suspicion to believe that one of the occupants had just engaged in a narcotics transaction. While the defendant contends that two of the officers who assisted in the stop personally lacked information giving rise to reasonable suspicion, these officers were acting at the direction of fellow officers involved in the stop, who had probable cause to believe that one of the occupants committed a crime (see People v Moreno, 148 AD3d 827). Accordingly, the hearing court properly denied suppression of the physical evidence found in the vehicle.
The defendant's contention that the evidence supporting his convictions was legally insufficient is partially unpreserved for appellate review (see CPL 470.05[2]; People v Hawkins, 11 NY3d 484, 492). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, [*2]hear the testimony, and observe their demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The defendant's remaining contentions are without merit.
BALKIN, J.P., AUSTIN, SGROI and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court