■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD JAMES BIGELOW, Appellant. — Judgment unanimously reversed, on the law and facts, plea vacated, motion to suppress granted and defendant remanded to Wyoming County Court for further proceedings on the indictment. Memorandum: The suppression court erred by refusing to suppress evidence seized pursuant to a warrantless arrest and a search warrant. The information on the warrant application failed to meet the second prong of the *Aguilar-Spinelli* test (see *Aguilar v Texas,* 378 US 108; *Spinelli v United States,* 393 US 410), since the warrant application does not state the informant's "basis of knowledge", nor was the information so detailed as to make clear that it was based on personal observation (*People v Elwell,* 50 NY2d 231, 242). Although we would find the warrant application sufficient under the "totality of the circumstances" test (*Illinois v Gates,* 462 US 213), that test has not yet been adopted by the Court of Appeals (see, e.g., *People v Landy,* 59 NY2d 369, 375), which has continued to apply the two-pronged *Aguilar* test (see *People v Comforto,* 62 NY2d 725; see, also, *People v Brown,* 95 AD2d 569, 572; *People v Lopez,* 95 AD2d 241, 251 [applying the two-

pronged test]). Nor is there any indication that the good-faith exception (*United States v Leon,* 468 US __, 104 S Ct 3405) will apply in New York. We conclude, moreover, that the police did not have probable cause for the warrantless arrest of defendant. The suppression court specifically found that the informant had not told the officers that he saw defendant in possession of drugs. Thus, there was no "basis of knowledge" established for the warrantless arrest. (Appeal from judgment of Wyoming County Court, Conable, J. — criminal possession of hypodermic instrument and another charge.) Present — Callahan, J. P., Doerr, Denman, Boomer and O'Donnell, JJ.