■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MELVIN GILLIARD, Appellant.—Appeal by defendant from a judgment of the County Court, Westchester County (Martin, J.), rendered June 30, 1983, convicting him of attempted

murder in the second degree, attempted robbery in the first degree (two counts), and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of defendant's motion to suppress identification testimony.

Judgment affirmed.

We have reviewed the record and find that the suppression court properly concluded that the hospital room showup was not improper under the circumstances (see, People v Soto, 87 AD2d 618). In such instances, one-on-one confrontations which occur in close spatial and temporal proximity to the crime are indicative of good police work aimed at apprehending the perpetrator and releasing innocent suspects as soon as possible, as the witness's memory is most fresh at that time (see, People v Love, 57 NY2d 1023; People v Cole, 100 AD2d 442; People v Brnja, 70 AD2d 17, affd 50 NY2d 366). Moreover, in the case at bar, the People proved by clear and convincing evidence that there was a reliable independent source for each witness's identification of defendant (see, Manson v Brathwaite, 432 US 98).

There is also no merit to defendant's claim that the sentencing court erroneously adjudicated him a second felony offender. He failed to prove by substantial evidence that the prior conviction based upon his guilty plea was unconstitutionally obtained (see, People v Harris, 61 NY2d 9, 15).

We have considered appellant's pro se argument that the sentence imposed was excessive and find it to be without merit. Mollen, P. J., Niehoff, Rubin and Lawrence, JJ., concur.