■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE MARSHALL, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Potoker, J.),

rendered November 1, 1983, convicting him of grand larceny in the second degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, without a hearing, of that branch of the defendant's omnibus motion which sought the suppression of identification testimony.

Matter remitted to the Supreme Court, Kings County, to hear and report in accordance herewith. In the interim, the appeal shall be held in abeyance. The report shall be filed with all convenient speed.

A motion to suppress identification testimony may be denied without a hearing only where the grounds alleged in the moving papers do not constitute a legal basis for suppression or the sworn allegations of fact fail, as a matter of law, to support the grounds alleged (CPL 710.60 [3]). Here, the facts in the affirmation of defense counsel supported two legal grounds for suppression: that the arrest which led to the identification was illegal (see, People v Butler, 90 AD2d 797, appeal dismissed 58 NY2d 1056; People v Gregory, 90 AD2d 506), and that the identification was the result of an improper showup arranged by the police (see, People v Ford, 100 AD2d 941). While it may turn out that neither of these theories is borne out by the facts ultimately found, the existence of sworn allegations supporting these viable legal arguments mandates that a hearing be held (see, CPL 710.60 [4]).

The fact that defense counsel did not specify the source of the information alleged in support of this suppression motion and the basis of the source's information does not alter this result. By alleging that his affirmation was made upon information and belief and generally setting forth his sources, defense counsel satisfied his statutory obligation (see, CPL 710.60 [1]).

Accordingly, the matter is remitted to Criminal Term to hear and report on the motion and the appeal will be held in abeyance in the interim (see, People v Vitetta, 118 AD2d 885; People v De Vaughn, 81 AD2d 924). Lazer, J. P., Thompson, Lawrence and Eiber, JJ., concur.