■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD THOMPSON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Westchester County (McNab, J.), rendered February 25, 1983, convicting him of robbery in the first degree, robbery in the second degree (two counts), and grand larceny in the third degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings

up for review so much of an order of the County Court, Westchester County (Leggett, J.), dated December 22, 1981, as denied, without a hearing, that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

On December 22, 1981, when that branch of the defendant's omnibus motion which was to suppress identification testimony was decided, such an application could be denied without a hearing if the grounds alleged in the moving papers did not constitute a legal basis for suppression, or the sworn allegations of fact failed, as a matter of law, to support the grounds alleged (CPL 710.60 former [3]; *People v Marshall,* 122 AD2d 283).

Although CPL 710.60 (3) (b) was amended on August 2, 1986, so as to relieve "the defense of the burden of alleging a factual basis" (Preiser, 1986 Supplementary Practice Commentary, McKinney's Cons Laws of NY, Book 11A, CPL 710.60, at 43 [1987 Pocket Part]), for a motion to suppress identification testimony, this amendment should be applied prospectively to motions to suppress made subsequent to its enactment. Therefore, this amendment is inapplicable to the 1981 determination denying the suppression motion in this case *(see, Simonson v International Bank,* 14 NY2d 281; *People v Ennis,* 94 AD2d 746).

In the instant case, the defendant's claim that the complainant's identification testimony was tainted by an unduly suggestive showup was not supported by the allegations in his moving papers. The sole factual basis presented in support of the claim that the showup was unduly suggestive was that the defendant was the only black and the only male individual in the emergency room at the time. It was, however, conceded that the showup took place on the same night as the robbery in a hospital located in the town in which the robbery took place, where the defendant was being treated in the emergency room for a head wound caused by a blow struck by the complainant. Given the close proximity of the showup in time and place to the robbery, the mere fact that the defendant was the only black and only male in the emergency room could not render the showup improper *(see, People v Brnja,* 50 NY2d 366, 372). Even if he had been the only person in the emergency room of any particular race or sex, the showup would still have been an appropriate procedure in this case, conducted in the interest of securing a prompt and reliable

identification of the defendant *(see, People v Gilliard,* 116 AD2d 657, 658, *appeal denied* 67 NY2d 943; *People v Rivera,* 108 AD2d 935).

The defendant attempted to introduce into evidence as a declaration against penal interest an alleged hearsay statement made by the codefendant Daryl Crawford to defense witness Quenetta Gulifield to the effect that Crawford and the codefendant Wayne Overton had robbed the complainant and that the defendant was not with them. Insofar as Crawford's declaration exculpated the defendant by stating that the defendant was not with Crawford and Overton at the time of the commission of the robbery, it was not adverse to Crawford's interest, and was consequently not admissible as a declaration against penal interest *(see, People v Maerling,* 46 NY2d 289; *People v Nicholson,* 108 AD2d 929). It was only this exculpatory portion which the defendant had an interest in having admitted in the instant case. Certainly, no significant prejudice to the defendant resulted from the court's refusal to admit into evidence the portion of the statement inculpatory to Crawford. Thus, the failure to admit this inculpatory portion was not reversible error.

We have reviewed the defendant's other contentions, including those raised in his *pro se* brief, and find them to be without merit. Mangano, J. P., Kunzeman, Kooper and Spatt, JJ., concur.