■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLIFTON DAVIS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Dufficy, J.), rendered November 17, 1983, convicting him of criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial (Leahy, J.), after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

We have reviewed the record and find that the suppression court correctly concluded that the showup identification of the defendant was proper under the totality of the circumstances *(see, People v Brnja,* 50 NY2d 366; *People v Gilliard,* 116 AD2d 657, *lv denied* 67 NY2d 943; *People v Soto,* 87 AD2d 618). It is well settled that "one-on-one confrontations which occur in close spatial and temporal proximity to the crime are indicative of good police work aimed at apprehending the perpetrator and releasing innocent suspects as soon as possible, as the witness's memory is most fresh at that time" *(People v Gilliard, supra,* at 658). In the case at bar, although the showup was conducted under less than ideal conditions, we do not find it to have been unduly suggestive *(see, People v Logan,* 25 NY2d 184, *cert denied* 396 US 1020; *People v Lewis,* 123 AD2d 716, *lv denied* 69 NY2d 830). Moreover, the People proved by clear and convincing evidence that there was a reliable independent source for each witness's identification of the defendant *(see, Manson v Brathwaite,* 432 US 98; *People v Gilliard, supra).*

Our review of the record reveals that the evidence adduced

at trial was legally sufficient to support the jury's verdict. It is well settled that eyewitness testimony is sufficient to establish the element of possession of a loaded firearm *(see, People v Gonzalez,* 104 AD2d 1007). This court must assume that the jury credited the People's witnesses, and in this regard, we are satisfied that the evidence established the elements of the crime of criminal possession of a weapon in the third degree beyond a reasonable doubt and that the verdict was not against the weight of the evidence *(see,* Penal Law § 265.02 [4]; *People v Bigelow,* 105 AD2d 1110, *affd* 66 NY2d 417). Mangano, J. P., Weinstein, Kooper and Harwood, JJ., concur.