■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUAN PEREZ, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Demakos, J.), rendered May 26, 1982, convicting him of attempted assault in the first degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress physical evidence, statements made to the police, and certain identification testimony.

Ordered that the judgment is modified, on the law, by vacating the sentence imposed; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Kings County, for resentencing in accordance with CPL 380.50.

The hearing court properly determined that the defendant's arrest was based on probable cause and that all evidence derived therefrom was admissible at trial. Police Officer Williams, an eight-year veteran of the police force, initially received a radio communication that 3 or 4 male Hispanics in a blue car with a damaged rear end had just shot a youth at Caton Avenue and East 5th Street. About half an hour later,

the officer saw three male Hispanics at a closed Gulf station in the vicinity of the incident. Two of the men were sitting on the trunk of a car that matched the description given in the radio report. As the officer drove into the gas station, he observed one of the men walk away from the station, and further observed the defendant walk over to and open the passenger side door, reach behind the seat, and then walk back to the rear of the car, leaving the car door open. At that point, Officer Williams properly exercised his common-law right to inquire by asking the defendant and his companion (the codefendant Luis Restrepo) who the owner of the car was *(see, People v De Bour,* 40 NY2d 210). Both the defendant and his codefendant answered, in English, that it belonged to a friend. However, when Officer Williams asked where the friend lived, the two men abruptly claimed that they could not speak English. This sudden claim of an inability to speak English, after having just responded in English to a question asked in English, further added to Officer Williams' already reasonable suspicion that criminal activity was afoot. Officer Williams then walked to the car door which the defendant had left open, shined a flashlight behind the seat where the defendant had reached, and saw a .357 Magnum revolver on the floor behind, but not beneath, the passenger seat. Under these circumstances, the hearing court properly ruled that Officer Williams' seizure of the gun, which he observed in plain view, was lawful *(see, People v Brosnan,* 32 NY2d 254). Moreover, the use of a flashlight was not an unreasonable intrusion and did not convert a proper observation into an impermissible search because the gun was visible to anyone walking past the car, but for the dark *(see, People v Cruz,* 34 NY2d 362, *rearg granted* 35 NY2d 708, 760; *People v Hernandez,* 125 AD2d 492, *lv denied* 69 NY2d 828). Having discovered the .357 Magnum on the car's floor, Officer Williams then had probable cause to arrest the defendant, and was therefore entitled to search not only the defendant's person, but the car as well, because the vehicle had been observed at the scene of the earlier shooting and was hence, likely to, and in fact did, contain evidence related to the crime *(see, People v Belton,* 55 NY2d 49, *rearg denied* 56 NY2d 646; *People v Adams,* 123 AD2d 769, *lv denied* 69 NY2d 707).

Additionally, we find that the hearing court properly determined that the showup identification of the defendant was not improper under the totality of the circumstances. This procedure permitted the police to act promptly, while the incident was still fresh in the witness's mind *(see, People v Gilliard,*

116 AD2d 657, *lv denied* 67 NY2d 943), and there is no evidence that the procedure was so unduly suggestive as to have created a substantial likelihood of misidentification *(see, Manson v Brathwaite,* 432 US 98; *Neil v Biggers,* 409 US 188). In any event, the People proved by clear and convincing evidence that there was a reliable independent source for the witness's in-court identification of the defendant *(see, Manson v Brathwaite, supra; People v Gilliard, supra).*

With respect to the defendant's claim that he was denied an opportunity to make statements at the sentencing proceeding, our review of the record does in fact reveal that the sentencing court failed to accord both the defendant and his counsel, as well as the prosecutor, an opportunity to speak on matters relevant to the issue of sentence *(see,* CPL 380.50). Accordingly, the sentence must be vacated and the matter remitted to Criminal Term for resentencing *(see, People v McCarroll,* 95 AD2d 815).

Lastly, we have reviewed the defendant's remaining contentions, including those raised in his supplemental *pro se* brief, and find them to be either unpreserved for appellate review or without merit. Rubin, J. P., Kooper, Sullivan and Harwood, JJ., concur.