■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANK McLAMB, Appellant.

The defendant claims that the hospital showup identification was unduly suggestive because when he, a black man, was exhibited to the victim, he was surrounded by Caucasian police officers who, but for a detective, were also in uniform. It is undisputed however, that the showup took place within 15 minutes of the crime, and in the emergency room of Southside Hospital where the victim was being treated for stab wounds to the face and hands. Given the close proximity of the showup in time and place to the robbery and the fact that the defendant was arrested in the same hospital where the victim was being treated, the showup was an appropriate procedure for obtaining a prompt and reliable identification (see, People v

*Love,* 57 NY2d 1023; *People v Gilliard,* 116 AD2d 657, *lv denied* 67 NY2d 943). That the defendant was the only black male in the group of mostly uniformed, white police officers does not outweigh the benefits of an immediate identification *(People v Thompson,* 129 AD2d 655; *People v Lee,* 109 AD2d 1066, *lv denied* 60 NY2d 616).

The hearing court also properly denied that branch of the defendant's motion which was to suppress an eyewitness's testimony regarding her spontaneous identification of him. The evidence adduced at the hearing was that the witness was making a statement to a detective in the precinct squad room when she identified the defendant who was brought in by a police officer who was unaware that a witness was in the squad room. This record supported the hearing court's finding that the showup was accidental *(People v Gonzalez,* 61 AD2d 666, *affd* 46 NY2d 1011). An accidental showup at the police station is not impermissibly suggestive since the identification is unavoidable and not attributable to any misconduct on the part of the police *(People v Hampton,* 129 AD2d 736; *cf., People v Riley,* 70 NY2d 523).

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish that the defendant caused physical injury to the victim by means of a dangerous instrument. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (CPL 470.15 [5]).

The term of imprisonment imposed by the court for robbery in the second degree exceeded the maximum permissible term of imprisonment for a second felony offender convicted of a class C felony (Penal Law § 70.04). To rectify the error, that term is reduced to an indeterminate term of imprisonment of 7½ to 15 years, which we do not find to be excessive. We have reviewed the other terms of imprisonment imposed by the court and likewise find them not to be excessive.

We have reviewed the defendant's remaining claims and find them to be without merit. Bracken, J. P., Brown, Weinstein and Rubin, JJ., concur.