■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRIAN MARTIN SMITH, Appellant.—Appeal by the defendant from a judgment of the County Court, Suffolk County (Floyd, J.), rendered May 27, 1986, convicting him of attempted burglary in the second degree and sexual abuse in the first degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress identification testimony and statements made by him to law enforcement authorities.

Ordered that the judgment is affirmed.

The defendant contends that the court should have suppressed his statements to a police detective in which he admitted entering a girls' cottage on the grounds of the Little Flower Children's Services campus (hereinafter Little Flower) and having sexual contact with one of the children. The

evidence adduced at the hearing amply supports the determination that the defendant was given the *Miranda* warnings and waived his rights prior to making the statement. Furthermore, there is no basis in the record to reverse the finding that the statements were voluntary *(see, People v Gee,* 104 AD2d 561).

We also find no basis in the record to disturb the hearing court's determination that a showup identification of the defendant on the Little Flower grounds was not unduly suggestive. The defendant had surrendered to security personnel on the grounds shortly after the incident, and the showup provided a prompt, reliable means to secure an identification while the witnesses' memories were still fresh *(see, People v Hicks,* 68 NY2d 234; *People v Thompson,* 129 AD2d 655; *People v Gilliard,* 116 AD2d 657, *lv denied* 67 NY2d 943). In any event, the evidence presented by the People established that there was a reliable independent source for each witness's identification of the defendant.

The defendant further contends that the court should not have accepted his plea of guilty. Any issue with respect to the adequacy of the plea allocution is not preserved for appellate review since the defendant failed to move to withdraw his plea before sentence was imposed or to vacate the judgment under CPL 440.10 *(see, People v Pellegrino,* 60 NY2d 636; *People v Pascale,* 48 NY2d 997; *People v Casolino,* 106 AD2d 394). A reversal is not warranted in the interest of justice since the record reveals that the defendant knowingly and voluntarily pleaded guilty *(see, People v Harris,* 61 NY2d 9).

We find the defendant's remaining contentions to be without merit. Mangano, J. P., Bracken, Brown and Kunzeman, JJ., concur.