■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EMMETT MONSON, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Mackston, J.), rendered April 6, 1987, convicting him of criminal possession of a weapon in the third degree, escape in the second degree and criminal mischief in the fourth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (O'Shaughnessy, J.), of those branches of the defendant's omnibus motion which were to suppress physical evidence seized from his person and a statement made by him to law enforcement officials.

Ordered that the judgment is affirmed.

In the presence of his mother, the complainant gave the police a detailed description of a man who threatened him with a gun. About an hour later, the complainant's mother called the police to report that the man with the gun had returned to the location of his earlier threat. When police officers responded to the location, the mother pointed to a man who fit the description previously given and he was immediately arrested. A search of the man arrested, the defendant herein, produced a loaded gun which had been concealed in the rear waistband of his pants.

We disagree with the defendant's claim that his arrest was illegal because the police lacked reliable information sufficient to constitute probable cause to believe that he had committed a crime. A detailed description of the perpetrator of a crime provided by an identified citizen is considered circumstantially reliable information upon which an arrest may be lawfully predicated *(see, People v Smith,* 124 AD2d 756; *People v Marin,* 91 AD2d 616). The hearing court's denial of suppression was, therefore, correct.

In view of our agreement with the finding of a lawful arrest, it is unnecessary to address the defendant's other contentions. Thompson, J. P., Lawrence, Rubin and Balletta, JJ., concur.