THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PERCIVAL THOMAS, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Wexner, J.), rendered December 9, 1988, convicting him of attempted robbery in the first degree and assault in the second degree, upon a jury verdict, and imposing sentence. This appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress identification testimony and physical evidence.

Ordered that the judgment is affirmed.

We conclude that the hearing court properly denied suppression of the complainant's testimony regarding the showup identification conducted at the hospital where he was being treated for a stab wound to the face. The complainant sustained that injury in the course of the commission of the crime of which the defendant stands convicted. The police officers, who did not know the extent or the seriousness of the complainant's injuries, were justified in conducting a showup at the hospital a short time after the crime occurred in the interest of obtaining a prompt and reliable identification and securing the release of a possibly innocent suspect *(see, People v Whitney,* 158 AD2d 734; *People v McLamb,* 140 AD2d 717; *People v Castillo,* 123 AD2d 878). In light of the strength of the complainant's recollection and the promptness of the showup, the display to the complainant of the defendant, while handcuffed and in the company of two police officers, did not render the hospital showup identification impermissibly suggestive *(see, People v Whitney, supra; People v McLamb,*

*supra; People v Capehart,* 151 AD2d 592; *People v Thompson,* 129 AD2d 655; *People v Moya,* 115 AD2d 769).

The hearing court also properly denied that branch of the defendant's motion which was to suppress the knife seized from his person. The record supports the hearing court's determination that the defendant's sister, who lived with him, had apparent authority to consent and did, in fact, consent to the entry of the police officers into the house and the basement where the defendant was hiding *(see, People v Adams,* 53 NY2d 1, 8-9, *cert denied* 454 US 854; *People v Cosme,* 48 NY2d 286, 290; *People v Snow,* 128 AD2d 564). Upon observing, in plain view, the defendant's blue suede jacket and brown cap, which matched the complainant's detailed description of the clothes worn by the perpetrator, the officers had probable cause to effectuate the arrest *(see, People v Monson,* 151 AD2d 615; *People v Messam,* 112 AD2d 449) and to conduct the search which produced the knife *(see, People v Landy,* 59 NY2d 369). Kunzeman, J. P., Sullivan, Harwood and Rosenblatt, JJ., concur.