■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE VASQUEZ, Appellant. [600 NYS2d 14] —Judgment, Supreme Court, Bronx County (Harold Silverman, J.), rendered February 28, 1990, convicting defendant after a jury trial, of robbery in the first degree, and sentencing him to a term of 4 to 12 years, unanimously affirmed.

Viewing the evidence in a light most favorable to the People and giving them the benefit of every reasonable inference *(People v Malizia,* 62 NY2d 755, *cert denied* 469 US 932), we find that the evidence was sufficient as a matter of law to support defendant's conviction for robbery in the first degree. Moreover, upon an independent review of the facts, we find that the verdict was not against the weight of the evidence *(see, People v Bleakley,* 69 NY2d 490). The arguments raised by defendant concerning the credibility of the complaining witness were properly placed before the jury and, after considering the relative force of the conflicting testimony and the competing inferences that may be drawn therefrom, we find no reason on the record before us to disturb its determination. These findings are not affected by reversal of the codefendant's conviction *(People v Rivera,* 184 AD2d 288, *appeal dismissed* 81 NY2d 758).

Inasmuch as the stop of defendant's vehicle and his subsequent arrest were concededly proper, and the officers had reason to believe that the vehicle contained evidence related to the crime for which the occupants were arrested, the "automobile exception" to the requirement for a search warrant gave the officers probable cause to search the entire vehicle, including the locked trunk compartment, at the scene of the arrest *(People v Fulton,* 189 AD2d 778, 780, citing

*People v Ellis,* 62 NY2d 393, 398; *People v Langen,* 60 NY2d 170, *cert denied* 465 US 1028). Defendant's other contention that he was deprived of a fair trial due to the purportedly erroneous admission into evidence of a hearsay statement was not preserved for review as a matter of law *(see, People v Buckley,* 75 NY2d 843, 846), and we decline to review in the interest of justice. Concur—Rosenberger, J. P., Ellerin, Kupferman, Asch and Rubin, JJ.