■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES WILLIAMS, Appellant. [613 NYS2d 647] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Feinberg, J.), rendered December 16, 1992, convicting him of criminal possession of a controlled substance in the third degree, criminal possession of a controlled substance in the fourth degree and criminal possession of a weapon in the third degree (three counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the police properly approached the double-parked car in which the defendant was a passenger in order to ascertain why the driver had not moved it despite repeated police requests to do so. This minimal intrusion of approaching to request information was entirely proper *(see, People v De Bour,* 40 NY2d 210, 223; *cf., People v Harrison,* 57 NY2d 470). Moreover, since it was shortly after midnight, the police officer's shining of her flashlight into the vehicle, while she remained outside, to illuminate what was otherwise in plain view, did not amount to an unreasonable intrusion *(see, People v Smith,* 157 AD2d 870, 871; *People v Perez,* 135 AD2d 582; *People v Cruz,* 34 NY2d 362, *rearg granted* 35 NY2d 708). Therefore, the hearing court properly denied suppression of a gun observed in plain view and the other contraband subsequently recovered.

We additionally find without merit the defendant's claim that he was denied due process when the hearing court denied his request to call as a witness one of the two officers who approached the double-parked car. The record shows that the officer who did testify gave a complete account of the events

leading up to the defendant's arrest and was extensively cross-examined by both the defendant and his codefendant. The hearing record raised no substantial issues as to the constitutionality of the police actions, the People's evidence was not notably incomplete, and the defendant did not otherwise establish a need for the second officer's testimony. Under these circumstances, the hearing court properly denied the defendant's application (cf., People v Chipp, 75 NY2d 327, cert denied 498 US 833; People v Petralia, 62 NY2d 47, cert denied 469 US 852; People v Ayala, 202 AD2d 262). Sullivan, J. P., Balletta, Joy and Friedmann, JJ., concur.