■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JACOB MAJOR, Appellant. [699 NYS2d 441] —Appeal by the defendant from a judgment of the County Court, Orange County (Byrne, J.), rendered June 21, 1995, convicting him of criminal possession of a controlled substance in the third degree, criminal possession of a weapon in the third degree, criminally using drug paraphernalia in the second degree, criminal possession of a controlled substance in the seventh degree, and criminal possession of marihuana in the fifth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress physical evidence and statements made by the defendant to law enforcement officials.

Ordered that the judgment is affirmed.

The defendant and his codefendant were traveling on Route 17 in New York when they were pulled over by two State Troopers for driving 80 miles per hour in a 55 miles-per-hour zone. The traffic stop of the defendant's vehicle at 2:00 A.M. on a dark highway was permissible based upon the State Troopers' observation of a violation of the Vehicle and Traffic Law *(see, People v Ingle,* 36 NY2d 413; *People v McCoy,* 239 AD2d 437). In addition, the State Troopers properly approached the car with flashlights to make further inquiry *(see, People v De Bour,* 40 NY2d 210, 223; *People v Williams,* 205 AD2d 717). Thereafter, the State Troopers, while remaining outside the vehicle, observed a gun in plain view. This was not an unreasonable intrusion and the State Troopers properly seized the gun *(see, People v Vazquez,* 229 AD2d 997; *People v Williams, supra; People v Perez,* 135 AD2d 582).

Furthermore, since the evidence showed that the State Troopers had a reason to fear for their safety, they were

entitled to search the defendant (*see, People v Torres,* 74 NY2d 224; CPL 140.50 [3]), and thus properly seized the packets of heroin that were found on the defendant. This, along with the loaded gun found in plain view in the defendant's vehicle, justified the search by the State Troopers of the defendant's vehicle pursuant to the automobile exception within a reasonable time after the arrest (*see, California v Carney,* 471 US 386; *People v Galak,* 81 NY2d 463; *People v Orlando,* 56 NY2d 441; *People v Belton,* 55 NY2d 49; *People v Vasquez,* 195 AD2d 297). Thus, the Supreme Court properly denied that branch of the defendant's omnibus motion which was to suppress physical evidence.

Furthermore, the determination by the Supreme Court that the defendant made voluntary statements after receiving his *Miranda* warnings was supported by the evidence (*see, People v Pincus,* 184 AD2d 666).

The defendant's sentence was not excessive (*see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contention is without merit. Mangano, P. J., Ritter, Goldstein and H. Miller, JJ., concur.