■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBINSON BAEZ, Also Known as BAEZ ROBINSON, Appellant. [701 NYS2d 349] —Judgment, Supreme Court, Bronx County (Edward Davidowitz, J., at hearing; Gerald Sheindlin, J., at jury trial and sentence), rendered December 10, 1996, convicting defendant of criminal sale of a controlled substance in or near school grounds and unlawful possession of marihuana, and sentencing him to a term of 3 to 9 years, unanimously affirmed.

We find no violation of CPL 710.40 (3), which provides that when a suppression motion is made before trial, the trial may not be commenced until determination of the motion, because the motion had already been denied before jury selection was commenced. When the hearing court reopened the hearing to

permit limited recross-examination of the arresting detective concerning information that was discovered after the determination had been rendered (*see,* CPL 710.40 [4]), the trial court was under no statutory obligation to defer jury selection until the renewed motion could be decided. In any event, defendant could not have been prejudiced by the fact that a limited examination of the officer took place after jury selection had commenced, particularly in light of what transpired at the reopened hearing (*see, People v Gonzalez,* 214 AD2d 451, *lv denied* 86 NY2d 794).

In its identification charge, the court correctly advised the jury that identification was one of the main issues in the case, and this charge did not deprive defendant of the right to chart his own defense or remove any issues from the jury's consideration. The court had also charged the jury concerning credibility of witnesses, and its refusal to remind the jury that defendant was also attacking the credibility of the police could not, in the circumstances presented, have caused any prejudice to defendant. Concur—Rosenberger, J. P., Williams, Lerner, Saxe and Buckley, JJ.