■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE MACKENSY, Appellant. [703 NYS2d 75] —Judgment, Supreme Court, New York County (Bonnie Wittner, J.), rendered June 20, 1996, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the first degree and conspiracy in the second degree and sentencing him to concurrent terms of 15 years to life and 8⅓ to 25 years, respectively, unanimously affirmed.

Defendant's suppression motion was properly denied. Initially, we find the testimony of police witnesses to have been credible. Surveillance and wiretap evidence placed defendant at the center of a sizeable drug operation, some of whose members were arrested and charged with possessory drug and weapon offenses. Subsequent intercepted conversations in which defendant participated indicated that a major drug transaction was imminent, providing police with probable cause to stop defendant as he exited his car, apparently to transfer drugs, and to search the knapsack (*People v Vasquez*, 195 AD2d 297; *People v Brown*, 151 AD2d 199, *lv denied* 75 NY2d 768). The fact that a prospective juror was a police officer once assigned to the area of the arrest did not support defendant's challenge for cause where the juror had no knowledge of any trial witnesses (*People v Ware*, 173 AD2d 903) and asserted his ability to be fair (*People v Ruiz*, 162 AD2d 637, *lv denied* 76 NY2d 990). By contrast, a sworn juror who consis-

tently demonstrated scorn for the criminal justice system was properly discharged as being grossly unqualified (*People v Burwell*, 159 AD2d 407, *lv denied* 76 NY2d 785), especially insofar as the juror declined to assure the court of his impartiality (*People v Galvin*, 112 AD2d 1090).

We have considered defendant's remaining arguments and find them to be meritless. Concur—Rosenberger, J. P., Tom, Ellerin, Lerner and Saxe, JJ.