■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ISAAC JONES, Appellant. [751 NYS2d 173] —Judgment, Supreme Court, Bronx County (Ira Globerman, J., on dismissal motion; Margaret Clancy, J., at jury trial and sentence), rendered March 27, 2001, convicting defendant of rape in the first degree (12 counts), robbery in the first degree (13 counts), and sexual abuse in the first degree (two counts), and sentencing him, as a persistent violent felony offender, to an aggregate term of 375 years to life, unanimously affirmed.

Defendant's motion to dismiss three of the counts against him as barred by the statute of limitations (CPL 30.10 [2] [b]) was properly denied. The statute was tolled pursuant to CPL 30.10 (4) (a) (ii), because the record sufficiently establishes that defendant's identity and whereabouts were unknown and unascertainable by the exercise of reasonable diligence (*see People v Seda,* 93 NY2d 307). The People made a suitable showing of their extensive and diligent efforts to identify the perpetrator of this series of sex crimes, and defendant did not meet his burden on the dismissal motion of establishing the People's lack of reasonable diligence (*see* CPL 210.20 [1] [f]; 210.45 [7]; *People v Knobel,* 94 NY2d 226, 229).

The court properly denied defendant's challenge for cause to a police officer/panelist, who became a sworn juror as the result of defendant's exhaustion of his peremptory challenges. The juror, who was assigned to a precinct in Manhattan, did not know any of the officers testifying at defendant's trial and emphatically stated her ability to evaluate the credibility of police testimony fairly and to render an impartial verdict. We conclude that simply being a member of the same police force as the witnesses was not a disqualifying relationship under CPL 270.20 (1) (c) (*see People v Provenzano,* 50 NY2d 420; *People v Mackensy,* 269 AD2d 102, *lv denied* 95 NY2d 799), particularly in light of the juror's assurances of impartiality (*compare People v Colon,* 71 NY2d 410, 418-419, *cert denied* 487 US 1239, *with People v Branch,* 46 NY2d 645, 651).

When the same juror became ill in the courtroom during a

rape victim's testimony, the court properly declined to replace her with an alternate. After a careful inquiry, the court properly concluded, from the juror's conduct and responses, that she would be able to deliberate fairly and render an impartial verdict (*see* CPL 270.35; *People v Buford*, 69 NY2d 290).

The court properly exercised its discretion in denying defendant's mistrial motion made on the ground that one of the 13 victims mentioned in the People's opening statement did not testify. There was no evidence of bad faith, and no possibility that the mention of an additional victim could have caused any prejudice, particularly in light of the overwhelming evidence and the court's instructions to the jury (*see People v Garcia*, 276 AD2d 285, *lv denied* 95 NY2d 934). Concur— Nardelli, J.P., Andrias, Buckley, Sullivan and Friedman, JJ.