■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILBERT STAFFORD, Appellant. [756 NYS2d 39] —Judgment, Supreme Court, Bronx County (Caesar Cirigliano, J.), rendered April 23, 1997, convicting defendant, after a jury trial, of robbery in the first degree, robbery in the second degree, and criminal possession of stolen property in the fifth degree, and sentencing him, as a second felony offender, to concurrent

terms of 10 years, 7 years, and 1 year, respectively, unanimously affirmed.

The challenged verdict was supported by sufficient evidence and was not against the weight of the evidence (*see* CPL 470.15 [5]). Defendant's mental culpability and complicity in the crimes of which he was convicted was established by the People's proof (*see People v Smith*, 276 AD2d 301 [2000], *lv denied* 95 NY2d 969 [2000]; *and see People v Norman*, 85 NY2d 609 [1995]), which included the victim's eyewitness observations of the silent perpetrators' orchestrated conduct in furtherance of the crime.

The trial court's *Sandoval* ruling, which limited the People's inquiry into defendant's two prior felonies but permitted the People to elicit that one was for theft, constituted a proper exercise of discretion (*see People v Sease*, 265 AD2d 176 [1999], *lv denied* 94 NY2d 829 [1999]).

To the extent defendant preserved his *Batson* contention by arguing that the prosecutor's explanation for challenging juror number seven (unnamed in transcript) was a pretext for discrimination based upon African-American descent, the trial court properly ruled that the reasons proffered by the prosecutor were based on employment and were race-neutral (*see People v Wint*, 237 AD2d 195 [1997], *lv denied* 89 NY2d 1103 [1997]). Defendant's acceptance of the prosecutor's explanation regarding the People's peremptory challenges as to other prospective jurors who were of African-American descent renders his instant complaints as to those challenges unpreserved (*see People v James*, 99 NY2d 264, 274 [2002]), and we decline to review the complaints in the interest of justice. In any case, a trial court's express and implied findings as to pretextuality are entitled to great deference (*see People v Swails*, 250 AD2d 503 [1998], *lv denied* 92 NY2d 906 [1998]) and, were we to review the issue, we would find that the record affords no basis to disturb the trial court's *Batson* rulings.

Defendant has not preserved his claim that the court should have allowed his codefendant's challenge for cause of a prospective juror who was a former detective and had family members who were police officers (*see People v Colselby*, 240 AD2d 227 [1997], *lv denied* 90 NY2d 1010 [1997]). We decline to review the claim in the interest of justice, but note that the prospective juror's connection to law enforcement was not, alone, a disqualifying relationship under CPL 270.20 (1) (c) (*see People v Jones*, 299 AD2d 283 [2002]), and his unequivocal responses to inquiries as to whether he could critically evaluate police testimony and render an impartial verdict clearly

justified the conclusion that his impanelment as a juror would not have entailed a substantial risk of prejudice to the defense.

Defendant, by failing to object to the court's curative instructions regarding the People's opening remarks, abandoned his request for a mistrial (*see People v Santiago*, 52 NY2d 865 [1981]). In any event, the prosecutor's brief, innocuous opening remarks regarding the silence of the perpetrators during the commission of the robbery did not warrant a mistrial, particularly considering the court's prompt curative instruction and subsequent thorough charge as to, inter alia, defendant's right to remain silent and the burden of the People to prove their case.

Defendant's argument requesting, inter alia, sentence reductions based upon a claimed delay in the prosecution of his appeal does not present a question of law or issue of fact involving error or defect in the criminal court proceedings that may have adversely affected him (*see* CPL 470.15 [1]). In any event, on the existing record, we find no reason to disturb defendant's sentences (*see* Penal Law § 70.06 [6]; § 160.15 [4]). Concur— Tom, J.P., Andrias, Buckley, Williams and Friedman, JJ.