■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RANDY L. JONES, Appellant. [845 NYS2d 875]—

Lahtinen, J. Appeal from a judgment of the County Court of Schenectady County (Cortese, J.), rendered February 11, 2006, upon a verdict convicting defendant of the crimes of aggravated unlicensed operation of a motor vehicle in the first degree and driving while ability impaired, and the traffic infraction of speeding.

Defendant was stopped for speeding and, as the police officer approached the vehicle, he detected the odor of alcohol. Defendant acknowledged to the officer that his license had been revoked because of a conviction for driving while intoxicated. According to the officer, defendant failed field sobriety tests. He was indicted on charges of driving while intoxicated as a felony, aggravated unlicensed operation of a motor vehicle in the first degree and speeding. Following a jury trial, he was convicted of the lesser included offense of driving while ability impaired, aggravated unlicensed operation of a motor vehicle in the first degree and speeding. Defendant appeals.

We reverse and remit the matter for a new trial on counts 2 and 3. Although we disagree with defendant's contention that the evidence was not legally sufficient to support the convictions, we agree with his argument that County Court erred in denying his challenge for cause to prospective juror No. 101. "Prospective jurors who make statements that cast serious doubt on their ability to render an impartial verdict, and who have given less-than-unequivocal assurances of impartiality, must be excused" (*People v Arnold*, 96 NY2d 358, 363 [2001] [citations omitted]; *see People v Nicholas*, 98 NY2d 749, 750 [2002]). Here, prospective juror No. 101 knew both of the officers involved in defendant's arrest and the credibility of those officers was an important issue at the trial. The following exchange occurred between defense counsel and prospective juror No. 101:

"[Defense Counsel]: You know both of the officers involved?

"Prospective juror: Yes . . .

"[Defense Counsel]: Nothing personal. But in adjudging the evidence in this case . . . , do you think there's some leeway that you might give the police officers based upon the fact that you know these guys? . . .

"Prospective juror: Probably. There's a possibility. I mean, I think it may be a question of credibility before it even starts. . . .

"[Defense Counsel]: Okay.

"Prospective Juror: So there would probably be a point where I might, you know, assume credibility on their part."

Shortly thereafter, County Court gave the general instruction that a police officer's testimony should not be treated differently than any other witness. However, the record contains no direct response by juror No. 101 agreeing to abide by this instruction, nor is there any other unequivocal assurance of impartiality by juror No. 101 made after he had indicated a potential bias as to the officers' credibility and testimony. Defendant's challenge for cause of juror No. 101 was denied, defendant exercised a peremptory challenge as to that juror and eventually used all his peremptory challenges. Under such circumstances, reversal is required (*see People v Nicholas*, 98 NY2d at 750-752; *People v Holmes*, 302 AD2d 936, 936 [2003]; *see also People v McLean*, 24 AD3d 1110, 1111 [2005]).

Given our conclusion, there is no need to address the remaining issues asserted by defendant.

Cardona, P.J., Peters, Spain and Carpinello, JJ., concur. Ordered that the judgment is reversed, on the law, and matter remitted to the County Court of Schenectady County for a new trial.