THIRD DEPARTMENT, JULY, 2013

(July 3, 2013)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARCUS GREEN, Appellant. [968 NYS2d 685]—

Spain, J. Appeal from a judgment of the Supreme Court (Lamont, J.), rendered June 17, 2008 in Albany County, upon a verdict convicting defendant of the crimes of course of sexual conduct against a child in the first degree and endangering the welfare of a child (three counts).

In October 2003, the three child victims moved into a house in the City of Albany shared by defendant, his girlfriend (who had become custodian of the victims after their mother's death) and the couple's four children. Defendant moved out of the home in January 2005, the day after victim C disclosed to the girlfriend that defendant had acted inappropriately towards her; almost two years later, victim A disclosed that defendant had subjected him to oral and anal sexual contact between 2003 and 2005. Victim B then disclosed that defendant had subjected him to sexual contact as well. As a result, defendant was arrested and charged by indictment with the crimes of course of sexual conduct against a child in the first degree related to victim A and three counts of endangering the welfare of a child.*

All three victims testified at the 2008 jury trial, at which time victim A was 12 years old, victim B was 13 years old and victim C was 11 years old. Defendant was convicted of the crimes of course of sexual conduct against a child in the first degree and three counts of endangering the welfare of a child, one count with respect to each victim. Defendant was sentenced to an aggregate prison term of 25 years and five years of postrelease supervision, and he now appeals.

First, defendant argues that Supreme Court erred in denying his challenge for cause to a prospective juror, who revealed a business relationship with an Albany police officer—who was not a potential witness—and personal relationships with other nontestifying Albany police officers. A prospective juror is disqualified pursuant to CPL 270.20 (1) (c) if the juror has certain enumerated relationships with the parties, the witnesses or counsel or, as relevant here, if "he [or she] bears some other relationship to any such person of such nature that it is likely to preclude him [or her] from rendering an impartial verdict."

---

* Prior to trial, Supreme Court dismissed count 3 of the indictment, charging defendant with sexual abuse in the first degree, as duplicitous.

Here, although he had relationships with some Albany police officers, the prospective juror had no connection to or personal knowledge of any of the potential police department witnesses (*see People v Colon*, 71 NY2d 410, 418-419 [1988], *cert denied* 487 US 1239 [1988]; *compare People v Furey*, 18 NY3d 284, 288 [2011]). Indeed, there is no evidence in the record that he would not have been impartial. In response to questioning, he did not indicate that he was biased, that he would be inclined to give the testimony of a police officer more weight or credibility, or that he would not be a fair and impartial juror (*compare People v Nicholas*, 98 NY2d 749, 752 [2002]; *People v Jones*, 45 AD3d 1178, 1178-1179 [2007]). Moreover, when questioned by defense counsel, he confirmed that he would not find defendant guilty unless the People proved their case beyond a reasonable doubt. Accordingly, as " '[n]umerous cases have held that a juror's relationship with a [nontestifying] police officer . . . [is] insufficient to constitute implied bias[,]' " it was not error for Supreme Court to deny defendant's challenge for cause (*People v Pickren*, 284 AD2d 727, 727 [2001], *lv denied* 96 NY2d 923 [2001], quoting *People v Butts*, 140 AD2d 739, 741 [1988]; *see People v Colon*, 71 NY2d at 418-419; *People v Stafford*, 302 AD2d 325, 326-327 [2003], *lv denied* 99 NY2d 658 [2003]; *People v Jones*, 299 AD2d 283, 283 [2002], *lv denied* 99 NY2d 655 [2003]).

Defendant's contention—that the testimony of the two older victims recounting their initial disclosures was inadmissible because it was not established that their disclosures occurred at the first suitable opportunity—is not preserved for our review since he did not object to or move to strike this testimony at trial (*see People v Stearns*, 72 AD3d 1214, 1218 [2010], *lv denied* 15 NY3d 778 [2010]; *People v Shook*, 294 AD2d 710, 712 [2002], *lv denied* 98 NY2d 702 [2002]; *People v Archer*, 232 AD2d 820, 822 [1996], *lv denied* 89 NY2d 1087 [1997]). Moreover, defendant did not object to the victims' testimony but, rather, elicited on cross-examination of the two older victims the fact that they did not disclose the abuse when they had the opportunity to do so, away from defendant's influence. Thus, Supreme Court properly provided the prompt outcry jury instruction over defendant's belated objection that the testimony had been inadmissible (*see* CPL 300.10 [2]; *see also People v Bright*, 261 AD2d 192, 193 [1999], *lv denied* 93 NY2d 967 [1999]).

Notably, the victims' testimony regarding the circumstances surrounding their initial disclosures was limited to their delayed reporting of defendant's behavior to the girlfriend, testimony which did not elaborate as to the details or type of abuse disclosed and was not bolstered by any testimony or reports by

others of their demeanor at the time of the disclosures. Clearly, the prompt outcry instruction was relevant to their testimony, particularly considering that, on cross-examination and in summation, defendant pointed out that each of the older two victims had delayed disclosure and that they each continued to associate with defendant after the abuse had ended. Moreover, Supreme Court's instruction was fair, balanced, followed the Criminal Jury Instructions very closely (*see* CJI2d[NY] Prompt Outcry) and, " 'taken as a whole, [it] conveyed to the jury the correct standard' " (*People v Medina*, 18 NY3d 98, 104 [2011], quoting *People v Drake*, 7 NY3d 28, 32 [2006]). Nor do we find that defendant was prejudiced by the instruction; if anything, the charge provided additional safeguards to defendant by cautioning the jury to consider the victims' delayed disclosures in evaluating their credibility. Indeed, the prompt outcry charge is usually a limiting instruction that is favorable to and requested by a defendant (*see e.g. People v Spicola*, 16 NY3d 441, 464 and n 8 [2011], *cert denied*, 565 US —, 132 S Ct 400 [2011]; *People v Geddes*, 186 AD2d 993, 993-994 [1992]) and, here, the court's instruction prevented any potential misuse of the admitted testimony by the jury (*see* CJI2d[NY] Prompt Outcry; *People v Lapi*, 105 AD3d 1084, 1088 [2013]; *People v Bernardez*, 85 AD3d 936, 938 [2011], *lv denied* 17 NY3d 857 [2011]).

Next, defendant failed to preserve his argument that Supreme Court "usurped his right to chart his own defense" by administering the prompt outcry charge over his objection (*People v McCall*, 88 NY2d 838, 840 [1996]) and, in any event, that argument is without merit (*see People v Baez*, 268 AD2d 201, 202 [2000], *lv denied* 94 NY2d 901 [2000]; *People v Bright*, 261 AD2d 192, 193 [1999], *lv denied* 93 NY2d 967 [1999]; *compare People v Bradley*, 88 NY2d 901, 903-904 [1996]; *People v DeGina*, 72 NY2d 768, 776-777 [1988]). The court's delivery of the prompt outcry instruction was consistent with and did not weaken the defense's theory that defendant was innocent, that the children fabricated the allegations and were not credible, and that there were other possible sources for their knowledge of sexual conduct. The court's instruction placed no additional burden on defendant (*compare People v DeGina*, 72 NY2d at 776-777; *People v Bradley*, 88 NY2d at 903-904). Accordingly, the jury was properly instructed.

Inasmuch as defendant's pro se argument that he did not receive the effective assistance of counsel is based, in part, on matters outside the record, it is more properly the subject of a CPL article 440 motion (*see People v McCray*, 102 AD3d 1000,

1009 [2013]). To the extent that his arguments are premised upon matters in the record before us, we find them to be without merit. Notably, "[a] contention of ineffective assistance of trial counsel requires proof of less than meaningful representation, rather than simple disagreement with strategies and tactics" (*People v Hamms*, 55 AD3d 1142, 1144 [2008], *lv denied* 11 NY3d 925 [2009] [internal quotation marks and citation omitted]; *see People v Guay*, 72 AD3d 1201, 1204 [2010], *affd* 18 NY3d 16 [2011]). As the People's medical expert testified that there were no physical signs of sexual abuse, which defense counsel carefully highlighted on cross-examination, defense counsel's failure to unnecessarily call a rebuttal medical expert did not constitute ineffective assistance (*see People v Aikey*, 94 AD3d 1485, 1487 [2012], *lv denied* 19 NY3d 956 [2012]; *People v Auleta*, 82 AD3d 1417, 1419 [2011], *lv denied* 17 NY3d 813 [2011]; *People v Whitmore*, 12 AD3d 845, 848 [2004], *lv denied* 4 NY3d 769, 892 [2005]). Similarly unavailing is defendant's argument that counsel should have called a rebuttal witness or engaged in an in-depth cross-examination of the People's other expert, who never met the victims or reviewed their records and testified only to the generalities of child sexual abuse accommodation syndrome (*see People v Izzo*, 104 AD3d 964, 967-968 [2013]; *People v Wallace*, 60 AD3d 1268, 1270 [2009], *lv denied* 12 NY3d 922 [2009]). Nor do we find an "absence of strategic or other legitimate explanations for counsel's allegedly deficient conduct" in declining to delve into the apparently volatile nature of defendant's relationship with his girlfriend (*People v McCray*, 102 AD3d at 1008 [internal quotation marks and citation omitted]). While such testimony may have suggested a motive for the girlfriend to coerce the children into lying, it also relied on facts and evidence that were either inadmissible or portrayed defendant in an unfavorable light. As defense counsel presented cogent opening and closing statements, effectively brought to light prior allegations of sexual abuse with respect to one victim to cast doubt on that child's credibility, and otherwise presented a plausible and coherent defense, viewing the record in its totality, we find that defendant received meaningful representation (*see People v O'Daniel*, 105 AD3d 1144, 1147 [2013]; *People v Artis*, 90 AD3d 1240, 1241 [2011], *lv denied* 18 NY3d 955 [2012]).

Finally, defendant argues that the maximum prison sentence of 25 years that was imposed for his felony conviction is harsh and excessive. We disagree. At the time that defendant abused the victims, the children were particularly vulnerable due to a recent tragedy in their lives, and he took advantage of and preyed upon their fear, uncertainty and desire not to be

separated from each other. It is clear that defendant's abuse of victim A was prolonged; the child was, among other things, forced—under threat of foster care—to perform oral sex on defendant several times a week for a period of over one year, and defendant beat the child with a belt and used threats to prevent him from reporting the abuse, all of which had a profound impact on the child (*see People v Sapienza*, 91 AD3d 988, 989 [2012]). In light of defendant's criminal history, which includes a prior sexual offense, and his failure to take responsibility for his conduct, we find no abuse of discretion or extraordinary circumstances warranting modification (*see People v Beauharnois*, 64 AD3d 996, 1001 [2009], *lv denied* 13 NY3d 834 [2009]; *People v Sieber*, 26 AD3d 535, 536 [2006], *lv denied* 6 NY3d 853 [2006]; *People v Dunton*, 30 AD3d 828, 830 [2006], *lv denied* 7 NY3d 847 [2006]). Defendant's remaining contentions have been considered and are without merit.

Lahtinen, J.P., McCarthy and Egan Jr., JJ., concur. Ordered that the judgment is affirmed.