Appeal from a judgment of the Erie County Court (Kenneth F. Case, J.), rendered December 19, 2012. The judgment convicted defendant, upon a jury verdict, of course of sexual conduct against a child in the first degree and criminal sexual act in the second degree.
It is hereby ordered that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him upon a jury verdict of course of sexual conduct against a child in the first degree (Penal Law § 130.75 [1] [b]) and criminal sexual act in the second degree (§ 130.45 [1]), defendant contends that he was denied effective assistance of counsel. We reject that contention. Contrary to defendant’s contention, we conclude that “it is apparent from [defense counsel’s] thorough cross-examination of prosecution witnesses and his overall performance that [he] had adequately prepared for trial” (People v Adair, 84 AD3d 1752, 1754 [2011], lv denied 17 NY3d 812 [2011]; see People v Miller, 96 AD3d 1451, 1452 [2012], lv denied 19 NY3d 999 [2012]; People v Arroyo, 77 AD3d 446, 448 [2010], lv denied 16 NY3d 741 [2011]). To the extent that defendant’s claim of ineffectiveness is based upon defense counsel’s alleged failure to consult experts, it involves matters outside the record on appeal and must therefore be raised by way of a motion pursuant to CPL article 440 or an application seeking other post-conviction relief (see People v Ocasio, 81 AD3d 1469, 1470 [2011], lv denied 16 NY3d 898 [2011], cert denied 565 US —, 132 S Ct 318 [2011]). We conclude that defense counsel was not ineffective in failing to call an expert witness to testify on the subject of child sexual *1407 abuse accommodation syndrome (see People v Nicholson, 118 AD3d 1423, 1425 [2014]; People v Green, 108 AD3d 782, 786 [2013], lv denied 21 NY3d 1074 [2013]; People v Kilbury, 83 AD3d 1579, 1580 [2011], lv denied 17 NY3d 860 [2011]). “ ‘Defendant has not demonstrated that such testimony was available, that it would have assisted the jury in its determination or that he was prejudiced by its absence’ ” (Kilbury, 83 AD3d at 1580; see People v Drennan, 81 AD3d 1279, 1280-1281 [2011], lv denied 16 NY3d 858 [2011], reconsideration denied 17 NY3d 816 [2011]). We likewise conclude that defense counsel was not ineffective in failing to retain a medical expert to counter the testimony provided by the People’s expert (see People v Nelson, 94 AD3d 1426, 1426 [2012], lv denied 19 NY3d 999 [2012]; People v Burgos, 90 AD3d 1670, 1670-1671 [2011], lv denied 19 NY3d 862 [2012]; see also People v Flores, 83 AD3d 1460, 1461 [2011], affd 19 NY3d 881 [2012]). Inasmuch as “the People’s medical expert testified that there were no physical signs of sexual abuse, which defense counsel carefully highlighted on cross-examination, defense counsel’s failure to unnecessarily call a rebuttal medical expert did not constitute ineffective assistance” (Green, 108 AD3d at 786).
We reject defendant’s further contention that he was denied effective assistance of counsel because defense counsel failed to object to leading questions posed to the victim by the prosecutor. Defendant “did not meet his burden of establishing the absence of any legitimate explanations for that failure” (People v Madison, 106 AD3d 1490, 1492 [2013] [internal quotation marks omitted]; see People v Benevento, 91 NY2d 708, 712-713 [1998]; People v Morrison, 48 AD3d 1044, 1045 [2008], lv denied 10 NY3d 867 [2008]). Although we agree with defendant that certain remarks made by the prosecutor on summation were improper (see People v Cordero, 110 AD3d 1468, 1470 [2013], lv denied 22 NY3d 1137 [2014]; People v Benedetto, 294 AD2d 958, 959-960 [2002]; People v Dworakowski, 208 AD2d 1129, 1130 [1994], lv denied 84 NY2d 1031 [1995]), we conclude that they were “not so pervasive or egregious as to deprive defendant of a fair trial” (People v Johnson, 303 AD2d 967, 968 [2003], lv denied 100 NY2d 583 [2003] [internal quotation marks omitted]; see People v Willis, 79 AD3d 1739, 1741 [2010], lv denied 16 NY3d 864 [2011]). Thus, defense counsel’s failure to object to the allegedly improper comments did not constitute ineffective assistance of counsel (see People v Koonce, 111 AD3d 1277, 1278-1279 [2013]). We have examined defendant’s remaining allegations of ineffective assistance of counsel and conclude that they lack merit (see generally People v Baldi, 54 NY2d 137, 147 [1981]).
*1408 We also reject defendant’s contention that County Court abused its discretion in its Molineux ruling. It is well established that “[ejvidence of a defendant’s prior bad acts may be admissible when it is relevant to a material issue in the case other than defendant’s criminal propensity” (People v Dorm, 12 NY3d 16, 19 [2009]). Here, the victim’s testimony concerning uncharged acts of sexual abuse that preceded the events charged in the indictment was properly admitted “to complete the narrative of the events charged in the indictment . . . , and [to] provide[ ] necessary background information” (People v Workman, 56 AD3d 1155, 1156 [2008], lv denied 12 NY3d 789 [2009] [internal quotation marks omitted]; see People v Griffin, 111 AD3d 1413, 1414-1415 [2013], lv denied 23 NY3d 1037 [2014]; People v Justice, 99 AD3d 1213, 1215 [2012], lv denied 20 NY3d 1012 [2013]). Contrary to defendant’s contention, the probative value of the evidence was not outweighed by its prejudicial effect, and the court’s limiting instruction minimized any prejudice to defendant (see Griffin, 111 AD3d at 1415; Workman, 56 AD3d at 1157).
Finally, the sentence is not unduly harsh or severe.
Present— Scudder, EJ., Smith, Peradotto, Carni and Sconiers, JJ.