The People of the State of New York, Respondent,
against
Giuseppe Scire, Appellant.




New York City Legal Aid Society (Steven Berko, Esq.), for appellant.
Richmond County District Attorney (Morrie I. Kleinbart, Alexander Fumelli of counsel), for respondent.

Appeal from a judgment of the Criminal Court of the City of New York, Richmond County (Raymond Rodriguez, J.), rendered August 31, 2015. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a controlled substance in the seventh degree. The appeal from the judgment of conviction brings up for review the denial (Raymond Rodriguez, J.) after a hearing (Judith Levitt, J.H.O.) of defendant's motion to suppress a statement and physical evidence.




ORDERED that the judgment of conviction is affirmed.
On June 17, 2014, the People charged defendant in an information with criminal possession of a controlled substance in the seventh degree (Penal Law § 220.03), in that, on May 13, 2014, at 1:43 a.m. at 1235 Woodrow Road, Richmond County, New York, defendant possessed 11 glassine envelopes containing heroin which defendant "had . . . in his right hand." According to the People's CPL 710.30 notice, defendant said to the arresting officer, "It's dope."
Defendant moved to suppress the statement and physical evidence. At a hearing (Judith Levitt, J.H.O.), the arresting officer testified that he and another officer traveling on Woodrow Road in Staten Island in the early morning hours, observed a vehicle parked on the opposite side of the road, with the engine and lights on and two persons inside, both of whom appeared to be "passed out." The officers parked and approached the vehicle, one to either side. Examining the interior with a flashlight, the arresting officer saw defendant and a female passenger asleep in their seats. 
In defendant's right hand, the officer observed a number of glassine envelopes, tightly packaged together, which, in the officers's training and experience, contained heroin. Upon [*2]being awakened by the officer's knock on the car window, defendant, startled, quickly placed the contraband in his right pants pocket. Defendant testified that the contraband was never in plain view and was only discovered pursuant to the arresting officer's subsequent, illegal search of his person. The judicial hearing officer credited the officer's testimony and denied suppression, a ruling confirmed by the Criminal Court (Raymond Rodriguez, J.). On August 31, 2015, defendant pleaded guilty to the offense and was sentenced, as promised, to time served.
On appeal, defendant argues that the arresting officer's testimony, particularly with respect to the observation of the contraband upon the officer's initial approach, was inherently incredible, contrary to practical experience, and "patently tailored to nullify constitutional objections" (People v Giler, 148 AD3d 1053, 1053 [2017]). However, a hearing court's determinations as to matters of the credibility of witnesses for either party "are accorded great deference on appeal and will not be disturbed unless clearly unsupported by the record" (People v McKenzie, 148 AD3d 936, 937 [2017]; see People v Prochilo, 41 NY2d 759, 761 [1977]). The officer's testimony was internally consistent both generally and with respect to detail, and it cannot be said that it was so "manifestly untrue, physically impossible, contrary to experience or self-contradictory" as to render it incredible as a matter of law (People v Barnes, 129 AD3d 981, 982 [2015]; People v Nunez, 55 Misc 3d 130[A], 2017 NY Slip Op 50385[U], *1 [App Term, 1st Dept 2017] [same]). That defendant fell asleep with contraband in his open hand is not so implausible as to defy belief. Indeed, defendant's witness, the female passenger, testified that the officer's search, upon defendant's exit from his automobile, was first and immediately directed to the contents of defendant's right pants pocket, inferentially, because the officer knew what was there after having observed defendant put it there.
Where, as here, there is no automobile stop but merely an approach to an already stationary (parked) car, the officer's "level one request for information" (People v Karagoz, 143 AD3d 912, 914 [2016]; see People v De Bour, 40 NY2d 210, 223 [1976]) requires only an "objective, credible reason not necessarily indicative of criminality" (People v Clermont, 133 AD3d 612, 613 [2015]; see also People v Ocasio, 85 NY2d 982, 985 [1995]). Such a request involves "basic, nonthreatening questions regarding, for instance, identity, address or destination" (People v Hollman, 79 NY2d 181, 185 [1992]). The officer's credible observations of two persons who appeared to have "passed out" in an automobile in the early morning hours in a residential neighborhood, and with the lights on and the engine running, provided an objective reason to exercise, if nothing else, their "public service function," pursuant to which the police have " wide latitude to approach people and ask for information' " (People v Thomas, 19 AD3d 32, 39 [2005], quoting People v Hollman, 79 NY2d at 189). The use of a flashlight to illuminate what was otherwise in plain view in the vehicle's interior, in the furtherance of that function, was not itself an unlawful search (see e.g. People v Parris, 26 AD3d 393, 394 [2006]; People v Clark, 23 AD3d 673, 674 [2005]; People v Major, 267 AD2d 251, 251 [1999]; People v Vasquez, 229 AD2d 997, 997 [1996]; People v Williams, 205 AD2d 717, 717 [1994]; cf. People v Laviscount, 116 AD3d 976, 978 [2014]). Consequently, defendant failed to meet his burden of proving that the challenged evidence was unlawfully obtained (see People v Berrios, 28 NY2d 361, 367 [1971]).
Accordingly, the judgment of conviction is affirmed.
ALIOTTA, J.P., PESCE and SOLOMON, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 01, 2017